JOHN WARREN *vs.* JOSEPH WESTRUP, impleaded, etc.

August 8, 1890.

**Damages—Joint Wilful Trespass.**—As against those who are guilty of a known and meditated trespass, a jury should estimate damages according to the amount which they think the most culpable should pay.

**Same—Irregular Verdict, how Cured.**—But where the jury have improperly apportioned and severed such damages between defendants, the plaintiff may cure the irregularity by entering a *nolle prosequi* as to all but one, taking judgment against him alone.

Action for assault and battery, brought in the district court for McLeod county against defendants John and Joseph Westrup, Stephen and Conrad Fink, Frank Klaus, and Joseph Otto. At the trial before *Edson*, J., the action was dismissed as to all the defendants except Joseph Westrup and Conrad Fink, and the jury returned the following verdict: "We the jury in the above entitled action find for the plaintiff and against defendants Joseph Westrup $550 and Conrad Fink $150, and assess the plaintiff's damages at the sum of total

$700." Plaintiff's counsel thereupon, in open court, with consent of defendant Conrad Fink, remitted the verdict and dismissed the action as to him. The defendant Joseph Westrup objected to the verdict when rendered, and thereafter moved to set it aside and for a new trial. The motion was granted and the plaintiff appealed.

*R. M. McClelland* and *H. J. Peck*, for appellant.

*Willis & Nelson* and *F. R. Allen*, for respondent.

COLLINS, J.[1] From the order made by the trial court, whereby it set aside the verdict herein, it appears that in an action brought against several persons to recover damages for an assault and battery the jury returned a verdict in plaintiff's favor against two, but undertook to apportion the amount thereof by assessing about four-fifths of the total against respondent, Westrup, and the remainder against a co-defendant, Fink. As against the latter, plaintiff dismissed his action and remitted the verdict immediately upon its rendition. Thereupon the respondent moved the court to set aside and vacate the verdict as to him. This being done, upon the ground that having remitted as to a co-defendant the verdict could not be sustained as to Westrup alone, plaintiff appeals. The court below was in errror, and its order must be reversed. In cases of this character the question is, what damages have been sustained by the injured party, and for the full amount of these damages each of the participants in the tort is liable. There can be no degrees of culpability as between joint wrong-doers, and joint or entire damages must be assessed. All of the legal consequences of being jointly guilty must necessarily follow, one being that each is liable for all the damages. *Halsey* v. *Woodruff*, 9 Pick. 555; *Beal* v. *Finch*, 11 N. Y. 128; *Currier* v. *Swan*, 63 Me. 323. The plaintiff could have maintained his action against either, or a part, or against all, of the persons engaged in the trespass. As the action is several as well as joint, and as the plaintiff could have originally proceeded against Westrup solely, holding him for the full amount, so after the verdict he had a right to elect to take the damages awarded from the respondent alone. It is well settled that the jury should estimate the damages against all

---

[1]Mitchell, J., took no part in this case.

guilty defendants according to the amount which they think the most culpable should pay; but where a jury have improperly apportioned and severed such damages between defendants, the plaintiff may cure the irregularity by entering a *nolle prosequi* as to all but one, taking judgment against him only. *Mitchell* v. *Milbank*, 6 Term R. 199; *Salmon* v. *Smith*, 1 Saund. 206; *Dale* v. *Eyre*, 1 Wils. 306; *Fleming* v. *Langton*, 1 Strange, 532; 3 Bac. Abr. "Damages," 4; 1 Tidd, Pr. 682; 1 Suth. Dam. 825; 2 Sedg. Dam. (7th Ed.) 624; *Allen* v. *Craig*, 13 N. J. Law, 294; *Crawford* v. *Morris*, 5 Grat. 90; *Rochester* v. *Anderson*, 1 Bibb, 439; *Holley* v. *Mix*, 3 Wend. 350. The respondent cannot complain of the dismissal, for there is neither indemnity nor contribution as between those who engage in a known and meditated wrong. *Spalding* v. *Oakes*, 42 Vt. 343; *Churchill* v. *Holt*, 131 Mass. 67; *Bailey* v. *Bussing*, 28 Conn. 455; *Miller* v. *Fenton*, 11 Paige, 18; *Arnold* v. *Clifford*, 2 Sum. 238.

Order reversed.