## City of Covington v. Westbay.

(Decided January 15, 1914.)

### Appeal from Kenton Circuit Court (Common Law & Equity Division).

1. Municipal Corporations—Streets—Personal Injury—Contributory Negligence.—In an action by plaintiff against a municipality for injuries caused by plaintiff's stepping from a street car into a hole in one of its streets, contributory negligence held a question for the jury.

2. Municipal Corporations—Streets—Defective Condition—Evidence. —Evidence that several months prior to plaintiff's injury another person had fallen into the same hole in the street in which plaintiff had fallen and been injured, is competent on the question of whether or not the municipality knew, or by the exercise of ordinary care could have known, of the existence of the hole.

3. Municipal Corporations—Streets—Defective Condition—Evidence. —Evidence of the existence of other holes in the street in the vicinity where plaintiff was injured held incompetent but not prejudicial.

4. Pleading—Amended Answer—Rejection by Court—Abuse of Discretion.—Where in an action against a street car company and a city the city pleaded a release of the street car company as a bar to the action against it, but did not plead that the compromise sum was accepted in full satisfaction of plaintiff's cause of action, the court did not abuse its discretion in refusing to permit the defendant to file an amended answer presenting this plea after plaintiff's evidence had been heard.

5. Evidence—Issue Not Made by Pleadings.—It is not error to refuse evidence on an issue not made by the pleadings.

6. Damages—Personal Injury—Joint Tort Feasors—Acceptance of Part Satisfaction from One—Effect on Other.—The acceptance by one who has a cause of action against two joint tort feasors of a sum of money from one of them in part satisfaction of his cause of action does not release the other.

7. Damages—Joint Tort Feasors—Compromise Settlement With One —Credit on Judgment Against Other.—Where in actions against two joint tort feasors plaintiff accepts a certain sum from one of

them in part satisfaction of his cause of action it is proper to authorize a recovery against the other one in the event that the jury believe from the evidence that plaintiff's damages exceeded that sum, and then to the extent of the excess only.

8. Damages—Excessive.—Where plaintiff's leg is broken and she is confined to her house for ten weeks and compelled to walk on crutches for sixteen weeks, and she suffers severely not only during that time, but continues to suffer up to the time of the trial, which occurred about three and one-half years later, and her leg is not then able to stand the usual strain of walking thereon, a verdict of $1,250 is not excessive.

STEPHENS L. BLAKELY for appellant.

O. M. ROGERS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On September 26, 1909, plaintiff, Addie Westbay, boarded one of the cars of the South Covington & Cincinnati Street Railway Company at the intersection of Pike street and Madison avenue in the city of Covington for the purpose of being carried to Fifteenth street and Madison avenue. At the place where the cars usually stop at Fifteenth street and Madison avenue there is a hole in the street. On the occasion of the accident the car on which plaintiff was riding stopped with its steps above the hole. In alighting from the car she stepped into the hole and broke her leg. She brought suit for damages both against the street car company and the city of Covington. In this action against the city of Covington she recovered a verdict and judgment in the sum of $500. The city appeals.

The action is predicated on the failure of the city to maintain its street in a reasonably safe condition for public travel. The evidence for plaintiff shows that the hole in question was as much as seven inches deep, and that the surface was rough and uneven. Defendant's evidence is to the effect that the hole was only one and one-half or two inches deep, and that the surface was smooth.

The first error relied on is the failure of the court to give a peremptory instruction in favor of the defendant. In this connection it is insisted that as the accident happened between six and seven o'clock, and there was some evidence to the effect that street lights were burning, plaintiff was guilty of contributory negligence in stepping

into the hole. Street cars stop for only a short time. Passengers are expected to leave them with reasonable dispatch. They are not required to anticipate that the company will negligently stop its cars at a place where it is not reasonably safe for passengers to alight. On the contrary, they have the right to assume that the street is reasonably safe. Under these circumstances, one who steps from the car into a hole in the street can not be said, as a matter of law, to be guilty of contributory negligence. The question is for the jury.

The evidence of one of the witnesses to the effect that she, about five months previous to the time plaintiff was injured, stepped into the same hole, was competent on the ground that it showed that the defect in the street had existed for a long time, and that the city knew, or by the exercise of ordinary care could have known, of its existence.

While the evidence of the existence of other holes in the neighborhood of the accident was perhaps not competent, yet it was not prejudicial, in view of the fact that all the other evidence is confined to the hole into which plaintiff fell, and the real issue was whether or not at that particular point the street was in a reasonably safe condition for public travel. The court did not err in refusing to permit the city to prove that its street was not repaired because the Barber Asphalt Paving Company had declined to execute a contract with the city on the ground that no money had been provided for that purpose. The refusal of a certain contractor to enter into a contract with the city to repair its streets did not relieve it of its obligation under the law to keep and maintain its streets in a reasonably safe condition for public travel.

It appears that during the progress of this action the plaintiff compromised her case against the street car company. By amended answer the city pleaded the release of the street car company as a bar to this action. The contract of release is as follows:

"In consideration of the payment of the sum of seven hundred and fifty dollars ($750.00) to the plaintiff, Addie Westbay, by the defendant, the South Covington & Cincinnati Street Railway Company, the receipt whereof is hereby acknowledged by the plaintiff, she does hereby release and discharge the said defendant company from all further liability to her on account of

her claim against said defendant company for the injury
that she sustained on the evening of September 26, 1909,
in alighting from one of its cars to the street, at the in-
tersection of Fifteenth street and Madison avenue, in
the city of Covington on said date, and the above styled
cause, in which the plaintiff is seeking to recover of said
defendant damages for said injury, may be dismissed
as to said defendant, the South Covington & Cincinnati
Street Railway Company, at its costs.''

The trial court sustained a demurrer to the amended
answer of the city on the ground that defendant did not
plead, nor did the compromise agreement show, that the
sum of $750 was accepted in full satisfaction of plain-
tiff's cause of action. Defendant did not amend its an-
swer to conform to the views of the court until after
plaintiff's evidence had been heard. The court did not
abuse its discretion in refusing to permit this amend-
ment to be filed. Nor did the court err in refusing to
permit the defendant to show by cross-examination of
plaintiff's witnesses that the sum of $750 was accepted
in full satisfaction of plaintiff's cause of action, in view
of the fact that there was no pleading raising this issue.
But defendant insists that its original amended answer
was sufficient, and in support of this view we are cited
to a number of cases holding that the release of one of
two joint tort feasors releases the other. We have in
force in this State the following statute:

''In actions of trespass it shall be lawful for the jury
to assess several or joint damages against the several
defendants, and when the jury finds several damages, the
judgment shall be in favor of the plaintiff against each
defendant for the several damages, without regard to
the amount of damages laid in the declaration.'' (Sec-
tion 12.)

Whatever may be the rule in other States, it is well
settled in this jurisdiction, in view of the foregoing
statute, that the acceptance by the injured party of a
certain sum from one of two joint tort feasors in part
satisfaction of his cause of action does not release the
other. Louisville & Evansville Mail Co. v. Barnes'
Admr., 117 Ky., 860. In discussing the question the
court said:

We are convinced from all the proof in the case that
there was an understanding between the attorneys for
the Marsden Company and the appellee's attorney, prior

to the trial, that this amount was to be offered and accepted and the Marsden Company was to be released and the case dismissed against it, and that the dismissal was in conformity with this understanding. The question to be determined is whether this operated as a release of the appellant, it being a joint tort feasor. Our opinion is that if the appellee had accepted this one thousand dollars in settlement of his cause of action or claim for damages, then it would have operated as a release and a bar to any other proceeding against appellant on account thereof. But it is shown by the proof, without contradiction, that it was accepted as only part satisfaction and a release of the Marsden Company, but not in satisfaction of his cause of action and claim for damages. * * *

"We are unable to understand why a part satisfaction and release of one tort feasor can be considered as complete satisfaction for his claim for damages and operate as a bar to his cause of action against the other tort feasor. There can be no good reason for this. The collection of a part satisfaction from one tort feasor is a benefit to the others. Under the law, there is no right of contribution existing between tort feasors. The law itself does not look with favor upon wrongdoers. They are unlike obligors in an ordinary contract where the right of contribution is given. The law ought not to be that a release of one tort feasor by his making a partial satisfaction for the wrong doing should operate as a release of the other wrongdoer. The law looks with favor upon compromise and settlement. It is not the intention of the law to force people into litigation and prevent settlements out of court. But to uphold the rule contended for by appellant, such a result would follow."

We are unable to distinguish the foregoing case from the case at bar. In the former case the evidence showed that in consideration of the sum received from the Marsden Company that company was to be released and the case dismissed against it. In the case under consideration the contract of settlement showed that in consideration of $750 received from the street car company plaintiff released and discharged that defendant from all further liability to her. We, therefore, conclude that the court did not err in sustaining the demurrer to the amended answer.

The court properly permitted the defendant to plead the amount received in the compromise settlement from the street car company as a credit on whatever judgment might be obtained against it. The jury were authorized to find for plaintiff only in the event that they believed from the evidence that plaintiff's damages exceeded $750, and then to the extent of the excess only. There is no merit in the contention that it was error to authorize a finding in favor of plaintiff for her doctor's bills, because plaintiff had settled her doctor's bills out of money received from the street car company. Plaintiff had the right to receive full damages for her cause of action. If damaged to the extent of $1,250 she was entitled to that sum. The fact that she paid her doctor's bills out of the $750 instead of the $500 received from the defendant is immaterial.

Nor can we say that the damages are excessive. The evidence shows that plaintiff's leg was broken. She was confined to her home for about ten weeks and was compelled to use crutches for about sixteen weeks. She suffered severely for several months, and even at the time of her trial, which occurred about three and one-half years later, her leg still pained her and would not stand the strain of daily use.

Other questions are discussed, but on the whole we find no error prejudicial to the substantial rights of appellant.

Judgment affirmed.