# HARRY GRONQUIST v. VERN H. OLSON, ALSO KNOWN AS LaVERNE H. OLSON, AND ANOTHER.[1]

April 23, 1954.

No. 36,229.

*C. E. Maxwell,* for appellant.

*Donald M. Fraser, Louise A. Herou,* and *Larson, Loevinger, Lindquist, Freeman & Fraser,* for respondent.

NELSON, JUSTICE.

This is an appeal from an order denying a motion by one of two joint tortfeasors to vacate and discharge a judgment against him

---

[1]Reported in 64 N. W. (2d) 159.

on the ground that a release and dismissal of the action as to one of the tortfeasors after verdict but before entry of judgment operates as a release of him as well.

An action was commenced against Vern H. Olson and Doris M. Olson, his wife, on March 29, 1950, to recover $4,000 and interest on a promissory note. On December 8, 1950, the complaint in the action was amended to allege conspiracy to defraud on the part of the defendants. In the amended complaint the plaintiff, in addition to the alleged claim of $4,000 and interest due on the note, made the following allegation in paragraph VIII:

"Due to the willful, malicious and fraudulent acts of the defendants herein, plaintiff prays punitive damages in the sum of Five Thousand ($5,000.00) Dollars."

Plaintiff further alleged that in furtherance of the conspiracy defendants purchased property described as the north one-half of lot 8, block 8, George Appleby's Addition, county of Hennepin, state of Minnesota, with the money fraudulently obtained under the note and placed the property in the name of Doris M. Olson, the wife. In the prayer for relief, plaintiff prayed judgment for the sum of $9,000 and interest on principal of the note declaring such judgment to be a specific lien on said property and authorizing sale thereof by the plaintiff in order to satisfy such lien.

The jury found for the plaintiff against both defendants in the amount of $8,000, and the court later denied motions for judgment notwithstanding the verdict or a new trial. The order therein was entered in the district court of Hennepin county as to Doris M. Olson on December 31, 1951, and as to Vern H. Olson on March 4, 1953. Subsequent to the order denying the motion for judgment notwithstanding the verdict or a new trial as to defendant Doris M. Olson, the following stipulation was entered into between the plaintiff and Doris M. Olson on February 18, 1952:

"It is hereby stipulated by and between the plaintiff and his counsel and defendant Doris M. Olson individually and also doing

business as Olson Investment Company, one of the defendants above named, and her counsel, that:

"In consideration for the transfer of the equity of redemption and any other interest of the defendant Doris M. Olson in property known as 5749 41 Ave. So., Minneapolis, Minnesota, also known as the North one-half (½) of Lot Eight (8) Block Eight (8), Geo. Appleby's Addition, said interest having been transferred by quit claim deed of even date herewith, the plaintiff agrees that he will take no further proceedings against said defendant Doris M. Olson and more specifically, that he will not enter judgment against said defendant or in any other manner proceed against her for any claim arising out of the above entitled action. It is understood by and between the parties that the interest in said property does not constitute a full satisfaction of the amount rendered in a verdict for the plaintiff and against both of the defendants above named and that this partial payment of said verdict is given solely for the purpose of inducing the plaintiff herein to refrain from any further proceedings against the defendant Doris M. Olson in this action."

A dismissal as to Doris Olson was thereafter filed on March 17, 1953, in the following form:

"[Title of Cause.]

"DISMISSAL AS TO DORIS MAE OLSON.

"Comes now the plaintiff and dismisses the above-entitled action as to defendant D. M. Olson, also known as Doris Mae Olson, but specifically does not dismiss as to the remaining defendant herein."

Thereafter plaintiff entered judgment against Vern H. Olson and the Olson Investment Company March 17, 1953, for $8,982.67 which was docketed as of that date. No appeal has been taken from the judgment.

It appears that Doris M. Olson when named in the complaint as one of the defendants was referred to as Doris M. Olson, doing business as Olson Investment Company; that the Olson Investment Company was included by mistake when judgment was entered; and that thereafter a dismissal of the Olson Investment Company was

filed on May 8, 1953, dismissing it from the judgment pursuant to stipulation and by order of the court, leaving Vern H. Olson the sole remaining judgment debtor.

Plaintiff thereafter noticed a motion for hearing on the 11th day of September 1953 in which he moved the court for an order as follows:

"1. Directing the entry by the Clerk of District Court of a partial satisfaction of the judgment in the above entitled action entered on March 17, 1953, as follows:

"Partially satisfying said judgment in the sum of $4,770.00 as of March 17, 1953, or in the alternative adjudging said sum of $4,770.00 as the correct amount by which said judgment should be satisfied as of March 17, 1953, and authorizing and directing the attorney for the plaintiff to execute a certificate of partial satisfaction in accordance therewith.

"Said Motion will be based upon the attached Affidavit and pursuant to Section 548.15(4) of the Minnesota Statutes and upon all the files and proceedings herein."

Vern H. Olson then filed a notice of motion to be heard September 11, 1953, for an order from the court as follows:

"1. Vacating and discharging the judgment entered in the above entitled matter.

"Said motion is made on the ground that the dismissal of the action against defendant Doris Olson and her release from any liability in said action, and the payment received by plaintiff from said Doris Olson, released this defendant from liability."

This was followed by the filing of notice of cross-motion by plaintiff to be heard by the court below on the same date, September 11, 1953, for an order as follows:

"1. Ordering a dismissal of the above entitled action as to defendant Doris M. Olson, also doing business as Olson Investment Company, upon the condition that plaintiff make a partial satisfaction of judgment against the remaining defendant in the amount to be determined by the Court pursuant to a separate motion here-

tofore served upon the defendant, Vern H. Olson, and noticed for hearing upon the same date.

"Said motion is made pursuant to Rule 41.01(2) and Rule 61 of the Rules of Civil Procedure and upon the further grounds that, as shown in the files and proceedings herein, the plaintiff has agreed not to proceed against the defendant Doris M. Olson and that a dismissal as to said defendant will not be prejudicial to the remaining defendant inasmuch as there is no right to contribution between the parties as a matter of law.

"Notice of the within motion is given only to the defendant, Vern H. Olson, by reason of a stipulation already on file herein wherein the defendant Doris M. Olson has agreed and consented to a dismissal."

Plaintiff on the date of this hearing presented a supporting affidavit as to the value of the north one-half of lot 8, block 8, George Appleby's Addition, Hennepin county, Minnesota, whereby it was set forth that the property in question had been appraised at plaintiff's request by the Veterans' Administration, which appraisal fixed the market value of an equity of redemption in this property which Doris M. Olson as owner had conveyed by quit-claim deed to the plaintiff pursuant to the conditions of the stipulation and the dismissal of the action as to her. The appraisal fixed the current market value of the equity of redemption at $4,432.82. Plaintiff proposed in the supporting affidavit that the total credit to be applied toward partial satisfaction of the existing judgment against appellant be increased to $4,770 by allowing certain specified interest credits. Plaintiff at the time these motions were heard also moved that, if the appraisal was not acceptable to the appellant for purposes of a partial satisfaction, the court appoint appraisers to reappraise the property for the purpose of arriving at a fair and proper reduction by way of partial satisfaction of the judgment.

Upon consideration of the three motions, the court made the following order of September 23, 1953:

"It is ordered that the motion for the appointment of appraisers be granted unless within six days after the date of this order the

parties, through their respective attorneys, agree between themselves as to the reasonable value of the property received from defendant Doris Olson. This appointment, if necessary, will be made ex parte upon presentation to the Court of an affidavit by either party showing the inability of counsel to come to an agreement within the time here specified.

"It is further ordered that the motion for an order vacating and discharging the judgment herein be denied.

"It is further ordered that the motion by the plaintiff for an order dismissing the above action as to defendant Doris M. Olson be denied at this time without prejudice to the right of plaintiff to renew his motion at any subsequent time."

It is from this order that the appeal has been taken by Vern H. Olson.

The legal issues presented are:

(1) Was the dismissal of the action as to one of the joint tortfeasors, after verdict and after denial of a motion for a new trial, a dismissal on the merits that released the other defendant from liability?

(2) Did the acceptance of the deed to the real estate by the plaintiff as partial payment on the verdict, together with the dismissal of the action in the form filed after verdict, constitute a settlement and release of one of the defendants, Doris M. Olson, which also released the other defendant, appellant herein, from liability?

Appellant's only assignments of error are:

(1) The lower court erred in denying appellant's motion to vacate and discharge the judgment against him.

(2) The lower court erred in appointing appraisers of the property.

The issue on appeal is whether this agreement between plaintiff and Doris Olson operated to discharge the appellant. Appellant stands on the rule prevailing in some jurisdictions that release of one joint tortfeasor discharges the others from liability and insists that that rule is applicable to the facts before us. Plaintiff, however, contends that the stipulation in effect constitutes a covenant not

to sue in return for partial satisfaction and is not a release affecting appellant's substantive liability.

A release has been defined as a relinquishment, concession, or giving up of a right, claim, or privilege, by the person in whom it exists, to the person against whom it might have been enforced. 76 C. J. S., Release, § 1. A release may, dependent upon its terms, have the effect of extinguishing a right of action, and if so, it may be pleaded as a defense to any suit on the action. Pellett v. Sonotone Corp. 26 Cal. (2d) 705, 160 P. (2d) 783, 160 A. L. R. 863. However, it is a well-established rule that a covenant not to sue does not constitute a satisfaction but merely an agreement not to enforce an existing cause of action against the party to the agreement, and although it may operate as a release between the parties, it will not release a claim against other joint tortfeasors not joined in the agreement. Musolf v. Duluth Edison Elec. Co. 108 Minn. 369, 122 N. W. 499, 24 L.R.A.(N.S.) 451; Joyce v. Massachusetts Real Estate Co. 173 Minn. 310, 217 N. W. 337; Employers Mut. Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 50 N. W. (2d) 689; McKenna v. Austin, 77 App. D. C. 228, 134 F. (2d) 659, 148 A. L. R. 1253; 76 C. J. S., Release, § 3.

It may be difficult at times to determine whether an agreement falls within one category or the other. Whether an agreement and settlement with one joint tortfeasor constitutes full satisfaction or full reparation so as to release the other or others is to be determined from the facts of the particular situation. If the parties have expressed an intention, by use of consistent provisions in the stipulation or agreement, not to bring an action against one of the joint tortfeasors and not to discharge others, the agreement will be construed as a covenant not to sue. It is well settled in this state that the intention of the parties is determinative. Musolf v. Duluth Edison Elec. Co. *supra;* Joyce v. Massachusetts Real Estate Co. *supra;* Employers Mut. Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. *supra.* In the Joyce case this court held that a reservation of the right to sue other tortfeasors in the agreement is not essential in order for it to constitute a covenant not to sue, although such

a reservation may be important in determining the intention of the parties where the other language of the instrument leaves doubt as to their true intention.

While we agree with the plaintiff's position that the stipulation and compromise which he entered into with Doris M. Olson constitutes in effect a covenant not to sue and therefore warrants an affirmance of the court below, we also agree with plaintiff when he asserts that the distinction between a "release" and a "covenant not to sue" is entirely artificial. Certainly, tortfeasors who brought about harm to the injured party ought not to receive more consideration and protection than the injured party, when the true intentions of the parties to the agreement, whether it constitutes in form a covenant not to sue or a release, can be gathered from the four corners of the instrument without resort to artificial reasoning and mere technicalities that hamper and interfere with the duty and capacity of the court to adjudicate disputes and administer justice between parties. Whether words of "release" or "covenant" are used, the effect should be the same. Liability in tort is several as well as joint, and this is so, whether the tortfeasors act separately or in conjunction. Warren v. Westrup, 44 Minn. 237, 46 N. W. 347; Wrabek v. Suchomel, 145 Minn. 468, 177 N. W. 764. Each is responsible for the whole, although the injured person may not have more than full satisfaction except as punitive damages. The just and true rule should be, and we believe is, that, if the injured party has accepted satisfaction in full for the injury suffered by him, the law will not permit him to recover again for the same injury; but if he has not received full satisfaction, or that which the law considers such, he is not barred until he has received full satisfaction. If he receives a part of the damages from one of the wrongdoers, the receipt thereof not being understood to be in full satisfaction of the injury, he does not thereby discharge the others from liability.[2] We apply that rule to the instant case.

[2]Carey v. Bilby (8 Cir.) 129 F. 203, 63 C. C. A. 361; Dwy v. Connecticut Co. 89 Conn. 74, 92 A. 883, L. R. A. 1915E, 800; Edens v. Fletcher, 79 Kan. 139, 98 P. 784, 19 L.R.A.(N.S.) 618; Louisville & E. Mail Co. v. Barnes'

This court in Musolf v. Duluth Edison Elec. Co. *supra,* in an exhaustive analysis of the law applicable to agreements constituting covenants not to sue and releases, recognized that a release granted for part satisfaction only might reduce the amount subsequently recoverable and cited Ellis v. Esson, 50 Wis. 138, 6 N. W. 518, 36 Am. R. 830, as authority. In the Ellis case the Wisconsin court recognized that an *unqualified* release imports full satisfaction but went on to state (50 Wis. 148, 6 N. W. 520) :

"* * * when the contract is not of such a nature that the law deems it conclusive evidence that the injured person *has been satisfied for the wrong,* then it becomes a question of fact for the court or jury whether what he has received of the one wrong-doer was received in full satisfaction of his wrong; and, if it appears that it was not so received, it is only *pro tanto* a bar to an action against the other wrong-doers."

This rule of *pro tanto* satisfaction is in accord with the great weight of authority in the United States.[3] Of course, an injured

Admr. 117 Ky. 860, 79 S. W. 261, 64 L. R. A. 574; City of Covington v. Westbay, 156 Ky. 839, 162 S. W. 91; Black v. Martin, 88 Mont. 256, 292 P. 577; Fitzgerald v. Union Stock Yards Co. 89 Neb. 393, 131 N. W. 612, 33 L.R.A.(N.S.) 983; Snow v. Chandler, 10 N. H. 92, 34 Am. D. 140; Adams Express Co. v. Beckwith, 100 Ohio St. 348, 126 N. E. 300; Robertson v. Trammell, 37 Tex. Civ. App. 53, 83 S. W. 258; Chamberlin v. Murphy, 41 Vt. 110; Bloss v. Plymale, 3 W. Va. 393, 100 Am. D. 752; Kropidlowski v. Pfister & V. L. Co. 149 Wis. 421, 135 N. W. 839, 39 L.R.A.(N.S.) 509; Natrona Power Co. v. Clark, 31 Wyo. 284, 225 P. 586; Throckmorton's Cooley, Torts, § 80; Prosser, Torts, § 109; 17 Ill. L. Rev. 563; 10 Va. L. Rev. 70.

[3]Musolf v. Duluth Edison Elec. Co. *supra;* Joyce v. Massachusetts Real Estate Co. *supra;* Employers Mut. Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. *supra;* Lovejoy v. Murray, 70 U. S. (3 Wall.) 1, 18 L. ed. 129; Ketelsen v. Stilz, 184 Ind. 702, 111 N. E. 423, L.R.A. 1918D, 303; Cleveland v. City of Bangor, 87 Me. 259, 32 A. 892; Bloss v. Plymale, 3 W. Va. 393, 100 Am. D. 752; Van Gilder v. Gugel, 220 Wis. 612, 265 N. W. 706, 105 A. L. R. 824; Haase v. Employers Mut. Liab. Ins. Co. 250 Wis. 422, 27 N. W. (2d) 468; 2 Black, Judgments (2 ed.) § 782; 1 Cooley, Torts (4 ed.) §§ 82, 83; 2 Freeman, Judgments (5 ed.) §§ 573, 578; Harper, Torts, § 302;

person can have but one full satisfaction for his injuries. If a plaintiff has had full satisfaction on a judgment against any of the joint wrongdoers, he will then be barred from recovering further compensation from the remaining wrongdoer. If, however, the satisfaction from the wrongdoer from whom he has recovered judgment is only partial, recourse may still be had to the remaining wrongdoers in order to recover full satisfaction. Therefore, the amount paid by a tortfeasor to whom the agreement is given will be regarded as a satisfaction *pro tanto* as to the other joint tortfeasors.

We believe that the factors determinative of whether a release of one of several joint tortfeasors will operate to release the remaining wrongdoers should be and are: (1) The intention of the parties to the release instrument, and (2) whether or not the injured party has in fact received full compensation for his injury. If we apply that rule, then, where one joint tortfeasor is released, *regardless of what form that release may take,* as long as it does not constitute an accord and satisfaction or an unqualified or absolute release, and there is no manifestation of any intention to the  contrary in the agreement, the injured party should not be denied his right to pursue the remaining wrongdoers until he has received full satisfaction. See, City of Covington v. Westbay, 156 Ky. 839, 162 S. W. 91. Where the intention of the parties is clear from the contents of the instrument, it ought not to be necessary to resort to legal fiction in order to reach just and proper results. See, 22 Minn. L. Rev. 692. Since each tortfeasor is liable for the entire damage, if one sees fit to secure acquittance for himself by compromise with the injured person, he does no wrong to the other tortfeasor jointly liable with him. How can the appellant complain if the other party jointly liable has paid part of the damages? He has not been prejudiced by the settlement but on the contrary has been benefited, for he is entitled to have the amount of the judgment reduced by the amount paid by his co-tortfeasor. Furthermore, it must be noted that in

Restatement, Torts, § 885, *comment d;* Annotation, 104 A. L. R. 931, and cases cited; 22 Minn. L. Rev. 692; Annotations, 27 A. L. R. 805 and 65 A. L. R. 1087.

most jurisdictions there is no right of contribution between joint wrongdoers, and although Minnesota does allow contribution to a joint tortfeasor whose liability is based only on simple negligence, there is no right of contribution in this state between tortfeasors such as in the instant case where the tort was proved intentional and the tortfeasors were held liable for a known and meditated wrong. See, Warren v. Westrup, 44 Minn. 237, 46 N. W. 347.

We are not aware of any compelling reason to justify precluding a person who has sustained an injury through the wrongful act of several persons from agreeing with one of the wrongdoers who desires to avoid litigation to accept a sum by way of partial compensation and to discharge that wrongdoer from further liability without releasing his right of action as against the other wrongdoers for the remainder of the judgment. Compromises are favored generally in the law, and it would be inconsistent to regard such arrangements with disfavor.

The instrument under consideration, qualified as it is, shows on its face that it was not the intention of its signers to destroy the injured person's right of action against appellant and negatives any suggestion that plaintiff has received more than partial satisfaction. The writings clearly express by the strongest inference if not by outright reservation the intention to release one joint tortfeasor but at the same time to reserve the right to proceed against appellant, the other tortfeasor, for the remainder of the judgment.

For the reasons above, the order of the lower court is affirmed and the case remanded for disposition by the court below in accordance with the order appealed from.

Affirmed.