**Melvin J. KLIMEK, as Trustee for the next of Kin of Keith Norman Klimek, deceased, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE AGENCY, Respondent.**

No. CX–83–1235.

Court of Appeals of Minnesota.

May 8, 1984.

George Gaffaney, Gaffaney Law Firm, Ltd., Alecandria, for appellant.

John Quinlivan, St. Cloud, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

This is an appeal from an order of the district court refusing to amend its order confirming an arbitration award after a panel of arbitrators had found an uninsured motorist 25% negligent in the accident which caused the death of plaintiff's decedent. The plaintiff sought either a determination that the liability of the uninsured motorist and a motorist with whom the plaintiff had settled was joint and several, or an order enforcing an alleged agreement plaintiff had made with the uninsured motorist carrier. Under plaintiff's interpretation of the alleged agreement, the carrier agreed to be liable for more than the 25% of the damages assessed against the uninsured motorist. The trial court refused to modify the award, and entered judgment against the carrier for 25% of the plaintiff's total damages. We affirm.

## FACTS

Plaintiff's decedent, Keith Klimek, was killed when the motorcycle on which he was a passenger collided with a pickup truck driven by Harley Scheffler. The driver of the motorcycle, Scott Hardesty, was also killed. The Scheffler vehicle had insurance, but the motorcycle was uninsured.

Plaintiff, as trustee for Klimek's next of kin, intervened as plaintiff in the Hardesty family's action against Scheffler, and also made demand against State Farm for uninsured motorist benefits under a policy of insurance Klimek carried with that company. Pursuant to a clause in the policy, the demand for uninsured motorist benefits was submitted to arbitration.

Before the arbitration proceeding took place, plaintiff's attorney notified State Farm that he was negotiating a settlement with Scheffler. In response, State Farm, through a claims superintendent, sent plaintiff's attorney a letter which stated, in relevant part:

> This will confirm the understanding you and I reached through [State Farm's attorney] on March 13, 1981.

> The agreement is as follows:

> (1) You have our consent to proceed to trial and we will be bound by apportionment of negligence as determined by the jury, but not the amount of damages.

> (2) If you conclude settlement with [Scheffler's attorney] before verdict and do not feel your client has been fully compensated, you can proceed to request arbitration as to negligence and damages, but the amount of settlement with [Scheffler's attorney] will be deducted from the arbitration award, if any.

Shortly thereafter, plaintiff settled with Scheffler for $30,000, and executed a Pierringer-type release by which he agreed to protect him against any subrogation claims. The arbitrators, in the uninsured motorist proceeding, determined that plaintiff's total damages were $55,561.30, that plaintiff's decedent was not negligent, that Scheffler had been 75% negligent and that Hardesty, the uninsured motorist, had been 25% negligent.

The district court, on plaintiff's motion, confirmed the arbitration award, but refused to enforce the alleged agreement contained in State Farm's letter concerning the method of handling the settlement reached with Scheffler. The court denied a motion to amend, and entered judgment against State Farm for 25% of the plaintiffs' total damages.

## ISSUES

1. Was an uninsured motorist carrier liable for payment of an award in excess of the percentage of the uninsured motorist's causal negligence times the total amount of the plaintiff's damages?

2. Did the trial court correctly refuse to construe the alleged agreement between the plaintiff's attorney and the uninsured motorist carrier as a legal contract obligating the uninsured motorist carrier to pay the entire difference between the total damages determined by the arbitrators and the amount of the settlement received from the settling tortfeasor?

## ANALYSIS

### I

Ordinarily, in Minnesota, liability apportioned between joint tortfeasors is joint and several, and the release of one tortfeasor releases all. *Gronquist v. Olson*, 242 Minn. 119, 64 N.W.2d 159 (1954). However, where a settlement agreement between a plaintiff and one of several joint tortfeasors incorporates the basic elements of a Pierringer release set forth in *Frey v. Snelgrove*, 269 N.W.2d 918 (Minn.1978), one consequence is that the non-settling tortfeasor is liable only for that part of the award attributable to his percentage of causal negligence.

The stipulation setting forth the agreement between the plaintiff and Scheffler provided for the release of the plaintiff's claims against him, the reservation of

plaintiff's rights against the non-settling defendant, and protection for Scheffler against any subrogation claims. Under *Frey*, the agreement thus qualified as a Pierringer-type release. "By the terms of this type of release, the non-settling defendant will never be required to pay more than his fair share as determined by the jury's [or arbitrators'] finding of comparative negligence." *Frey*, 269 N.W.2d at 921. The uninsured motorist as the non-settling defendant was thus liable for only 25% of plaintiff's total damages.

## II

■ Plaintiff asserts that the letter to his attorney from State Farm confirming an agreement reached on March 13, 1981 was a legally enforceable agreement obligating State Farm to pay, following the conclusion of the arbitration proceedings, the total amount of damages determined by the arbitrators minus the amount of the settlement received from Scheffler. In the absence of any agreement, of course, State Farm would only be liable for that percentage of damages attributable to the uninsured motorist. Effectively, plaintiff asserts that judgment should have been entered against State Farm for $25,561.30 (total damages of $55,561.30 minus the $30,000.00 settlement) rather than $13,890.32 (25% of total damages).

■ The procedural posture in which the plaintiff requested the district court to give effect to the agreement with State Farm is dispositive. The arbitration proceeding was initiated under Minn.Stat. § 65B.525, Subd. 2, and the Rules of Procedure for Arbitration of No-Fault Automobile Insurance Act Claims promulgated thereunder, which provide that an insurance matter may be referred to arbitration whether or not suit has been filed. Thus, after the arbitrators had made their award, the trial court correctly construed the effect of that award. There were no grounds to vacate or modify that award. Minn.Stat. § 572.19. It was confirmed without alteration. Minn. Stat. § 572.18.

Had the plaintiff brought a lawsuit to enforce the alleged agreement with State Farm, or a declaratory judgment action to determine its meaning, the result in this Court might have been different. However, the agreement was not properly before the trial court and is thus not properly before this Court.

This Court is not passing upon the merits of any breach of contract action by the plaintiff, or declaratory judgment action, since the question of whether such an action may lie is not before us.

## DECISION

The trial court was correct in confirming the arbitrators' award and in entering judgment against State Farm for only 25% of the plaintiff's total damages. On the facts, the non-settling tortfeasor could not be required to pay more than his share of damages as determined by the arbitrators, and the trial court could not give effect to the alleged agreement, claimed by plaintiff, to alter State Farm's liability.

Affirmed.