**Paul L. JOHNSON, Respondent,**

v.

**Wayne L. BROWN, et al., Appellants,**

**Robert Lager, Jr., Forrest Muetzel, Respondents.**

No. Cl–86–1333.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Review Denied April 23, 1987.

Jerrold M. Hartke, South St. Paul, for Paul L. Johnson.

Dennis R. Peterson, Rochester, for Wayne L. Brown, et al.

Robert Lager, pro se.

Mary P. Walbran, Owatonna, for Forrest Muetzel.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Respondent Paul L. Johnson brought suit on a note provided to him for services rendered on a real estate transaction. The note was supplied as payment of Johnson's real estate commission for the sale of farm property to appellants Wayne L. Brown, Gerald M. Donahue, and John L. Strom. Appellants failed to pay Johnson and Johnson sought redress. Appellants countered, asserting fraud and misrepresentation as affirmative defenses.

The trial court granted Johnson's motion for summary judgment, finding that appellants' previous settlement agreement with the principals in the transaction, Forrest and Jean Muetzel, had rendered the appellants' present affirmative defense of misrepresentation moot. Thus, the trial court concluded, no issue of material fact remained. Judgment was entered in the sum of $38,020.41, which included principal and interest as provided in the note, plus attorney's fees of $7,500. We reverse.

## FACTS

In July of 1982 Paul L. Johnson was a licensed real estate broker in Minnesota. At that time he successfully concluded a real estate transaction for Forrest Muetzel. Acting as Muetzel's agent, Johnson arranged the sale of Muetzel's farm to appellants Brown, Donahue and Strohm. As consideration for putting together the sale, Johnson received $6,000 down and a note signed jointly and severally by appellants in the amount of $28,250 plus interest:

For value received we [appellants] jointly and severally agree to pay Paul Johnson * * * the principal sum of $28,-250.00 with interest thereon at a rate of

eight percent (8%) per year in installments as follows:

$14,125.00 on July 28th, 1983;

$14,125.00 on July 28th, 1984;

with interest payable on each installment date.

\*    \*    \*    \*    \*    \*

This note is given for services rendered Forrest Muetzel as payee, as realtor for commission due him in the sale of his real estate \* \* \* lying and being in the County of Steele and the State of Minnesota.

This land was sold to [appellants] on a contract for deed dated July 23, 1982, which contract for deed is incorporated herein by reference to the same extent as if set forth at length herein and pursuant to the terms of said contract for deed this note is executed by payors in consideration of vendor's, Forrest Muetzel's, agreement that a payment on the principal of this note will reduce the principal payment on said contract in a like amount.

Payors agree by execution of this note to save the vendor harmless from any commission incurred by vendor in the sale of his farm, owing to this payee.

In the event of commencement of suit to enforce payment of this note, the undersigned agrees to pay such additional sum as attorneys' fees and costs as the court in such action may adjudge reasonable.

(signature)

Wayne L. Brown

(signature)

John L. Strohm

(signature)

Gerald M. Donahue

I, Paul Johnson, the realtor herein named accept this note in full payment of the balance of the commission due me \* \* \* and I hereby release Forrest Muetzel from any and all claims I have against him, his heirs, successors, executors or assigns from any liability arising from my claim for commission on such sale.

(signature)

Paul Johnson

Dated: (August 18, 1982)

When appellants failed to make the July 28, 1983 payment due under the note Johnson brought suit. Johnson later amended his complaint to join Robert Lager and Forrest Muetzel, claiming indemnification from them for any losses suffered due to appellants' nonpayment of the note. Appellants initially answered and counterclaimed alleging fraud and misrepresentation. Appellants claimed Johnson had knowingly represented to appellants that the farm for sale was well tiled, when in fact it was not. After Johnson amended his complaint appellants again answered and alleged an affirmative defense and counterclaim based on misrepresentation. Additionally, appellants counterclaimed that Johnson had breached his fiduciary duty he owed them because of his status of a professional real estate agent. Appellants also claimed Johnson had acted tortiously with others to appellants' detriment.

Concurrent with Johnson's suit, appellants also brought suit against the vendors of the farm property, Forrest and Jean Muetzel. Similar to their counterclaim and affirmative defenses in the suit with Johnson, appellants alleged fraud and misrepresentation on the part of the Muetzels pertaining to the tiling of the farm. This suit was resolved with a settlement agreement stipulated to before the trial court. The oral settlement agreement between appellants and the Muetzels provided that the Muetzels receive $180,000 in installments following delivery of a warranty deed to appellants. These payments were to be secured by an unfiled confession of judgment signed by appellants, to be filed in the event of default. Appellants agreed to hold the Muetzels harmless and be responsible for the realtor's fees arising out of the terms of the contract for deed. Both parties "agree[d] to dismiss any actions or counterclaims that they have pending against the other by reason of the complaint originally filed by [appellants] or otherwise."

Johnson moved for summary judgment in his favor on the claim for commission

based on the stipulated settlement in appellants' suit against the sellers. Johnson claimed the stipulation rendered appellants' affirmative defense and counterclaims in the commission action moot. The trial court granted Johnson's motion, finding that no evidence had been presented to create a genuine issue of material fact. Specifically, the court first found that the note issued Johnson had been incorporated into the contract for deed between appellants and the Muetzels. The court then found that appellants' allegations of fraud went to the contract itself. The court indicated this issue had been settled by the stipulated agreement before it. This agreement provided appellants with a warranty deed immediately, with settlement monies paid in installments. Based on this settlement the court finally concluded:

> Therefore, the question of fraud on the contract for deed is settled by providing of a warranty deed by Defendant Muetzel. The settlement agreement resolved those issues of fraud as it relates to the contract for deed between the defendants. No provisions were made among the parties for a so-called *Pierringer* release. Therefore, the issues relating to the defendant buyers' counterclaims have been settled and rendered moot as to claims of plaintiff's alleged fraud. To hold otherwise would result in the defendant buyers being able to recover twice for the alleged fraud on the contract for deed.

Judgment was entered for Johnson. On appeal respondent Johnson also seeks reasonable attorney fees and costs pursuant to the parties' note.

### ISSUE

Did issues of material fact exist such that the trial court erred in granting summary judgment?

### ANALYSIS

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn.R.Civ.P. 56.03. The moving party has the burden of proof and the non-moving party has the benefit of that view of the evidence which is most favorable to him. *Seafirst Commercial Corp. v. Speakman*, 384 N.W.2d 895, 897 (Minn.Ct. App.1986). All doubts and factual inferences must be resolved against the moving party. *Id.* The court's function is not to decide issues of fact, but to determine whether there are fact issues to be tried. *Id.*

On appeal from summary judgment, an appellate court's function is to determine whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Id.* Because we find there are genuine issues of material fact remaining to be determined, we find Johnson's summary judgment motion was improperly granted.

The primary issue here is what effect appellants' prior settlement with the vendors of the sold farm property has on appellants' current affirmative defenses and counterclaims for fraud and misrepresentation against the vendors' agent, respondent Johnson. The trial court found that in the absence of a *Pierringer* release the prior settlement rendered appellants' current defenses and claims moot, and no genuine issue of material fact remained. The trial court erred in so finding.

When a settlement agreement does not contain a *Pierringer* release, but merely a covenant not to sue, the general rule is that the "release of one alleged tortfeasor will release all others *if* the settlement agreement manifests such an intent, *or if* the plaintiff received full compensation in law or in fact for damages sought against the remaining tortfeasors." *Bixler by Bixler v. J.C. Penney Co., Inc.*, 376 N.W.2d 209, 214–15 (Minn.1985) (*citing Luxenburg v. Can-Tex Industries*, 257 N.W.2d 804, 807–08 (Minn.1977)) (emphasis added). If the plaintiff is not fully compensated such a general release operates as satisfaction *pro tanto* as to other tortfeasors. *Gronquist v. Olson*, 242 Minn.

119, 127, 64 N.W.2d 159, 165 (1954). This eliminates the possibility of any double recovery, as the plaintiff is limited to only damages from other tortfeasors that have not already been compensated. *Id.* at 126, 64 N.W.2d at 164.

■ The trial court was presented with two alternate fact issues in determining the effect of appellants' prior settlement agreement on the current litigation: (1) whether the agreement was intended to release all other tortfeasors, and assuming no such result was intended; (2) whether the injured party was fully compensated. *Id.* at 128, 64 N.W.2d at 165. The trial court did not make any determination as to either of these two issues.

The trial court stated that the prior settlement agreement had resolved all issues of fraud between appellant and the Muetzels. The trial court found, "No provisions were made among the parties for a so-called *Pierringer* release. Therefore, the issues relating to the [appellant] buyers' counterclaims have been settled and rendered moot as to claims of [Johnson's] alleged fraud." It seems the trial court concluded that in the absence of a *Pierrenger* release the parties prior settlement automatically released all joint tortfeasors. The trial court failed to determine whether the parties to the prior settlement intended such a result or whether appellants had already been fully compensated. Evaluation of these issues is mandated for interpretation of the effect of the prior settlement on current litigation. Consequently, these fact issues remain and summary judgment was improperly granted.

The trial court was concerned with avoidance of double recovery. Yet, rigid application of the rule that, in the absence of a *Pierringer* release, release of one tortfeasor releases all others is not necessary to accomplish this goal. *See, e.g., Gronquist v. Olson,* 242 Minn. 119, 127, 64 N.W.2d 159, 165 (1954). Under the modern rule, if the trial court should find that no release was intended and that the plaintiff had not been fully compensated, then other tortfeasors would only be subject to potential liability to the extent of plaintiff's un-

compensated injury. *Id.* at 128, 64 N.W.2d at 165. Application of the more rigid rule could prevent a plaintiff from being made whole.

Respondent cites *Smith v. Mann,* 184 Minn. 485, 487–88, 239 N.W. 223, 224 (1931) and several other cases following *Smith* for the proposition that release of one joint tortfeasor automatically discharges the others. We note that rigid application of this rule has been criticized and ultimately rejected. *See, e.g., Luxenburg v. Can-Tex Industries,* 257 N.W.2d 804 (Minn.1977). Although *Smith* has never been explicitly overruled on this point, it has been implicitly overruled and is no longer good law. *See Gronquist v. Olson,* 242 Minn. 119, 64 N.W.2d 159 (1954).

Johnson moves for attorney fees on appeal pursuant to the note upon which his original claim has been based. Because appellants' affirmative defense and counterclaim should be tried on the merits, respondent's motion is denied. Finally, we note that because of bankruptcy proceedings, the existence of which was disclosed at oral argument, Robert Lager is not a party to this appeal.

## DECISION

In evaluating the effect on current litigation of a prior settlement agreement without a *Pierringer* release, the trial court failed to determine whether the parties to the prior agreement intended to release all joint tortfeasors or whether, in the alternative, appellants had been fully compensated. Because these two alternate issues of material fact remain, summary judgment was improperly granted.

Reversed.