Thomas BOOTH, et al., Appellants,

v.

Ryan GADES, Respondent,

City of Cyrus Fire Department, Respondent.

No. A08–2054.

Court of Appeals of Minnesota.

Aug. 25, 2009.

Amy J. Doll, Fluegel, Helseth, McLaughlin, Anderson & Brutlag, Chtd., Morris, MN, for appellants.

Timothy P. Tobin, Lynn Schmidt Walters, Gislason & Hunter, L.L.P., Minneapolis, MN, for respondent City of Cyrus.

Considered and decided by MINGE, Presiding Judge; STONEBURNER, Judge; and COLLINS, Judge.*

## OPINION

STONEBURNER, Judge.

Appellants, who were injured in an automobile accident caused by the alleged negligent, employment-related driving of a firefighter employed by respondent city, challenge the dismissal of their action against city, arguing that the district court erred in concluding that their *Drake v. Ryan* settlement with firefighter destroyed city's vicarious liability for firefighter's alleged negligence. Because appellants did not fully and completely release all claims against firefighter and because city is not entitled to indemnity from firefighter, we conclude that the district court erred in holding that the release destroyed appellants' claim against city for vicarious liability. We reverse and remand.

## FACTS

For purposes of summary judgment, the facts in this matter are not in dispute. Appellants Thomas and Angela Booth (Booth) sued defendant Ryan Gades (firefighter), an employee of respondent City of Cyrus Fire Department (city), for personal injuries Booth sustained when firefighter, while answering a fire call, allegedly failed to stop at a stop sign and collided with Booth's vehicle. Firefighter is insured by

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Progressive Insurance Company with primary liability coverage limits of $50,000/$100,000 limits and city is insured by Auto Owners Insurance Company with excess bodily injury limits of $300,000.

Believing that firefighter is entitled to the excess coverage provided by Auto Owners, Booth entered into a *"Drake v. Ryan* Satisfaction and Release" under which they agreed to accept $50,000 from Progressive "as a partial satisfaction of any claims [Booth] may have against [firefighter] to the extent of the first $50,000 which may be adjudged against [firefighter], and further, as satisfaction of all claims against [firefighter] in excess of the limits of the excess automobile insurance policy issued by Auto Owners."

The release specifically reserves any and all claims against firefighter "up to the limits of the excess policy issued by Auto Owners," and Booth agreed to satisfy any judgment recovered against firefighter in excess of the Progressive limits "only out of the proceeds of the excess automobile insurance policy issued by Auto Owners to the extent of remaining coverage under that policy."[1] The release further provides that it is not meant to be construed as a *Pierringer* or a general release. Auto Owners subsequently denied that its policy provides excess coverage for firefighter.

Booth then sued firefighter and city. City moved for summary judgment, asserting that firefighter is not covered under the Auto Owners policy and arguing that "because all claims against [firefighter] have been released, the claims against [city] have also been released." The district court agreed and granted summary judgment to city. This appeal followed.

## ISSUE

Is the vicarious liability of city for the employment-related negligence of a firefighter destroyed by a *Drake v. Ryan* release in which the injured parties reserve all claims against the firefighter tortfeasor up to the limits of excess coverage believed to be available to the firefighter if the firefighter is not, in fact, entitled to the excess coverage?

## ANALYSIS

■ When, as in this case, summary judgment is granted based on application of the law to undisputed facts, the result is a legal conclusion that we review de novo. *Osborne v. Twin Town Bowl, Inc.,* 749 N.W.2d 367, 371 (Minn.2008).

In *Drake v. Ryan,* 514 N.W.2d 785 (Minn.1994), the supreme court held that an agreement releasing defendant tortfeasor and the tortfeasor's primary liability insurer up to the limits of the primary liability insurer's coverage but expressly retaining a plaintiff's right to sue the tortfeasor and recover additional damages exclusively from the tortfeasor's excess-liability insurer is not a full and final release of the tortfeasor of all personal liability. *Id.* at 790. The supreme court stated that such an agreement merely serves to protect the tortfeasor's personal assets "by limiting satisfaction of any judgment against him to the insurance coverage limits," and a justiciable controversy remains between the injured plaintiffs and the tortfeasor, "because the question of [the tortfeasor's] negligence has not been decided." *Id.* at 788 (quotation omitted).

Drake was injured when her car was rear ended by a car owned by Richard Ryan (owner) and driven by his brother, James Ryan (driver). *Id.* at 786. Owner

---

1. Only in the event that the courts "do not give effect to [the release] pursuant with [sic] holdings in *Teigen, Loy* and *Drake"* does

Booth agree to "waive any action of any kind" against Gades and Progressive arising from the accident.

and driver were covered by owner's policy with Dairyland Mutual Insurance Company, with limits of $30,00 per injury. *Id.* Driver was also insured under his parents' automobile insurance policy that provided excess coverage of $50,000 when an insured was operating a non-owned automobile. *Id.* Drake released Dairyland for $20,000 and agreed that receipt of the $20,000 would "operate as a partial satisfaction of any claim plaintiffs may have against [owner and driver] to the extent of the first $30,000.00 which may be adjudged against them, and further, that [owner and driver] will have no personal liability to plaintiffs and that the $20,000.00 payment will operate as a satisfaction of all claims against [owner and driver] in excess of the limit, if any, of the [parents' policy] . . ." *Id.* Driver, represented by parents' insurer, then moved for summary judgment, asserting that because he had been released from all personal liability, he was no longer a proper party to the lawsuit. *Id.* at 787. The district court denied summary judgment but certified the questions of whether driver was entitled to a dismissal because he has been released of all personal liability and whether this type of release, recognized in Wisconsin in *Loy v. Bunderson*, 107 Wis.2d 400, 320 N.W.2d 175 (1982), is enforceable in Minnesota. *Id.*

In *Drake*, the supreme court approved the use of a modified *Loy* settlement in Minnesota and held that a

> defendant is not entitled to dismissal of the claims against him in a negligence action where the plaintiffs have fully released the defendant and his primary liability insurer up to the limits of the primary liability coverage but have expressly retained the right to pursue their claims against the defendant for

additional damages up to the limits of the defendant's excess liability coverage. *Id.* at 790.

Under *Drake*, it is plain that if firefighter were entitled to excess-liability coverage under the Auto Owner's policy, the release in this case would not be construed as a full and final release of firefighter's personal liability that would bar city's vicarious liability. This case, however, presents the question of whether, when a tortfeasor is not covered by an excess policy as anticipated, a *Drake v. Ryan* release constitutes a full and final release of the tortfeasor's personal liability such that the release destroys any vicarious liability of the tortfeasor's employer.

This court has stated that the issue of the existence of "a true primary/excess insurance situation" is not fundamental to the enforceability of a *Drake v. Ryan* agreement. *See Cincinnati Ins. Co. v. Franck*, 644 N.W.2d 471, 475 (Minn.App. 2002) (rejecting an umbrella carrier's attempt to distinguish *Drake* and approving the use of a *Drake v. Ryan* agreement to allow an insured to reach umbrella coverage despite a settlement for less than the limits of the underlying policy), *review dismissed* (Minn. Nov. 14, 2002) In *Cincinnati*, we adopted the language and rationale of a post-*Loy* Wisconsin case, *Teigen v. Jelco of Wisconsin, Inc.*, 124 Wis.2d 1, 367 N.W.2d 806, 809–10 (1985), that it is desirable to affirm such releases in order to encourage partial settlements in future cases that benefit the parties involved and the justice system as a whole. *Id. Cincinnati* emphasized Minnesota's history of approving and encouraging partial settlements of claims and fully compensating injured parties. *Id.*

■ In this case, the district court construed the release as reserving only Booth's right to pursue claims covered by excess coverage available to firefighter.

Because the excess insurer denied coverage, the district court concluded that no claims remain. Likewise, city's argument is based on its assertion that Booth "released all claims against [firefighter] except to the extent that he is covered [by the excess policy]." We conclude that city and the district court have misconstrued the plain language of the release. The release specifically reserves "any and all claims [Booth] may have against [firefighter] *up to the limits of the excess policy issued by Auto Owners.*" (Emphasis added). This language may set a monetary limit on claims that may be pursued against the city[2] but does not limit the reservation of claims to only those for which excess coverage is actually provided to firefighter.

Additional language in the release precludes Booth from recovering any judgment obtained against firefighter from any source other than excess coverage provided to him, but this language does not prevent Booth from recovering from city any judgments Booth may obtain against city. We conclude that the release only limits Booth's *source of recovery* from firefighter to excess coverage available to firefighter. Because the reserved *claims* are not limited only to excess coverage *actually available* to firefighter, the release does not constitute a full and final release of all claims against firefighter even though there is no source from which Booth can collect any additional damages from firefighter.[3]

"[A]n employer is liable for the negligent acts of its employee committed in the course and scope of employment." *Hentges v. Thomford,* 569 N.W.2d 424, 427 (Minn.App.1997), *review denied* (Minn. Dec. 8, 1997). The district court also relied on a line of cases that hold that valid release of a servant releases the master, citing *Serr v. Biwabik Concrete Aggregate Co.,* 202 Minn. 165, 278 N.W. 355, 362 (1938). The district court reasoned that because firefighter has been released, it follows that the city, as principal, must also be released "because there can be no claim of vicarious liability...." But Booth did not fully release firefighter, so there has not been a "release of the servant." *See Thompson v. Brule,* 37 F.3d 1297, 1301 (8th Cir.1994) (rejecting a similar argument where a partial release of the driver-tortfeasor was held not to release the vicarious liability of the owner of the involved vehicle); *Gronquist v. Olson,* 242 Minn. 119, 128–29, 64 N.W.2d 159, 165–66 (1954) (holding that partial satisfaction from one joint tortfeasor does not prevent recovery from another joint tortfeasor and stating that regardless of the form of a release, so long as there is not an unqualified or absolute release and there is no manifestation of an intent to the contrary "the injured party should not be denied his right to pursue the remaining wrongdoers").

The district court and city rely extensively on the unpublished opinion in *Rehm v. Lutheran Social Services of Minnesota, Inc.,* No. C2–97–2227, 1998 WL 268099 (Minn.App. May 26, 1998), *review denied*

2. Booth acknowledges that claims against city are limited to $300,000, if not by the release, then by the statutory cap on a municipality's tort liability. *See* Minn.Stat. § 466.04 (2008) (setting liability limits for the torts of a municipality and its agents acting within the scope of employment).

3. On appeal, city argues that under the release "the only preserved collection source is the excess insurance coverage under the Auto–Owners Policy." But this is the only preserved collection source for a judgment against firefighter; the release does not limit collection sources for any judgment Booth obtains against a party other than firefighter.

(Minn. July 16, 1998). *Rehm* involved facts similar to the facts of this case and held that a *Drake v. Ryan* release constituted a full and final release that destroyed an employer's vicarious liability. *Id.* at *1–*2. The opinion stated that if an injured plaintiff who has entered into a *Drake v. Ryan* release with a tortfeasor employee is permitted to recover from a vicariously liable employer, the employee would be subject to indemnification claims of the employer and the employee's assets would be ultimately available to satisfy the plaintiff, contrary to the terms of the release. *Id.* at *3. *Rehm* also appears to have construed the release as requiring the plaintiff to indemnify the tortfeasor-employee from claims made by the vicariously liable employer.[4] *Id.* at *2.

*Rehm* is distinguishable because the release involved in the case before us does not require Booth to indemnify firefighter for claims by non-settling parties, and city is precluded from seeking indemnity from firefighter. *See* Minn.Stat. § 471.86 (2008) (requiring governmental subdivisions to defend an employed firefighter against all actions for personal injury arising out of the operation of a motor vehicle in the performance of official duties and to pay any resulting judgments).[5] We conclude that absent a possible indemnity claim against firefighter, the reasoning in *Rehm* does not apply to this case, and the *Drake v. Ryan* release does not destroy city's vicarious liability.[6]

## DECISION

Because Booth did not fully release claims against firefighter, the *Drake v. Ryan* release did not destroy city's vicarious liability for firefighter's negligence even though firefighter was not entitled to the excess coverage anticipated in the release.

**Reversed and remanded.**

4. *Rehm* rejected as "misplaced" the statement in *Thompson* that "when a release does not contain an indemnity agreement, there is no basis for foreclosing claims of vicarious liability," 37 F.3d at 1301, noting in a footnote that "the fact that a *Pierringer* release eliminates vicarious liability does not mean that every non-*Pierringer* release preserves vicarious liability." *Rehm*, 1998 WL 268099 at *2, n. 5.

5. The city's obligation under section 471.86 subds. 1, 2, does not apply where the firefighter is "fully indemnified against claims for such damages and for such expenses by contract with another," but the release credits city for the full amount of firefighter's policy limits. Minn.Stat. § 471.86, subd. 3.

6. We further note that the unpublished opinion in *Rehm* is not precedent, and we do not find its reasoning persuasive. *See* Minn.Stat. § 480A.08, subd. 3 (2008) ("Unpublished opinions of the Court of Appeals are not precedential.").