## Saad v. Brown, By, et al.

(Decided June 9, 1911.)

### Appeal from Pike Circuit Court.

1. Torts—Sufficiency of Petition—A petition which shows that both plaintiff and defendant were trespassers upon the turn table of a railroad company, and alleges, in apt language. that the plaintiff was injured by the negligence of the defendant in unlocking the turn table and turning it so as to injure plaintiff, states a cause of action; it was not necessary for the petition to allege that the defendant discovered the peril of the plaintiff in time to have prevented the injury.

2. Trespassers—Duty of Each Other—The only duty a railroad company owes to a trespasser upon its train is to exercise ordinary care to prevent injury to him after he is discovered to be in a position of peril; but, that rule is not applicable between joint

trespassers upon the turn table of a railroad company, for the reason that both are common trespassers upon the property of another, and neither was trespassing upon the other's property.

3. Torts—Separate Verdicts—Section 12 of the Kentucky Statutes authorizes the finding of separate verdicts against the several defendants in actions of trespass.

BUTLER & MOORE for appellant.

ROSCOE VANOVER and J. S. CLINE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This action was brought by Thomas Brown, an infant, by his next friend, against the Chesapeake & Ohio Railway Company and Jasper and Samuel Saad, for injuries received by Brown in April, 1909, upon a turn table owned by said railroad company in Pikeville. The opinion of this court upon a former appeal by Brown from a judgment sustaining the railroad company's demurrer to his petition states the facts which caused the injury, and may be found in 135 Ky., 798. Upon a return of the case it was tried before a jury and resulted in a verdict against the railroad company for $1,000, and a verdict against Jasper Saad for $500. Samuel Saad obtained a verdict in his favor. The railroad company paid the judgment against it, but Jasper Saad has prosecuted this appeal from the judgment against him.

The evidence shows that the turn table was not locked, but was held in position by a heavy iron draw bolt, which weighed about 55 pounds. Upon lifting it out of its position, the turn table could be swung around by means of handle bars that were affixed to it. On the Sunday of the accident some twelve or fifteen boys and young men had met at the turn table, when some one suggested that they convert the turn table into a merry-go-round and have a ride. The appellant, Jasper Saad, a young man about 21 years of age, was the leader of this movement, and removed the draw bolt; and having thus unfastened the turn table, all hands assisted in turning it around. The Brown boy was about 12 years of age, and was sitting on the cross tie between the rails of the turn table, when his foot slipped off and was caught in such a way as to severely injure him. He was badly and permanently hurt, and it is not suggested that the amount of the verdict is excessive.

Separate instructions were given covering the case as to the railroad, Jasper Saad and Sam Saad, with accompanying instructions as to contributory negligence, and defining negligence and ordinary care. The principal instruction relating to Jasper Saad's case, and which it is claimed is misleading and incorrect, is the third instruction, which reads as follows:

"If the jury believe and find from the evidence that the defendant, Jasper Saad, negligently removed the draw-bolt and unfastened said turn table at the time of the injury complained of, and turned or revolved said turn table, knowing of plaintiff's presence on said turn table, and knowing that it was likely to injure plaintiff, or by the exercise of ordinary care could have known of plaintiff's presence on said turn table, and that it would likely injure plaintiff, and did injure plaintiff's foot, they will find for plaintiff against the defendant, Jasper Saad, such a sum in damages as they may believe from the evidence will reasonably compensate plaintiff for any mental and physical pain and suffering, if any, they may believe from the evidence he has sustained, and for the permanent reduction of plaintiff's power to labor and earn money; if any, they may believe from the evidence he has sustained, so that the sum so found, if anything, does not exceed ten thousand dollars (unless they find for defendant under the fifth instruction). But if the jury do not so believe and find, they will find for the defendant, Jasper Saad."

It is claimed that this instruction is erroneous, in that it fails to instruct the jury that the appellant was not liable unless he did something to bring about appellee's injury after he had discovered appellee's peril. This objection is based upon the theory that Brown being a trespasser, this case is to be controlled by the principle announced in that class of cases where a trespasser is injured while riding upon a railroad train, in which this court has repeatedly held that the only duty a railroad company owes to the trespasser is to exercise ordinary care to prevent injury to him after he is discovered to be in a position of peril. Derrickson's Admr. v. Swann-Day Lumber Co., 115 S. W., 191, is relied upon by appellant as sustaining his position. That case does announce the rule contended for as between a railroad company and a trespasser upon its train. But, clearly

that rule is not applicable here, for the reason that the appellee did not occupy the position of a trespasser upon appellant's property. Both were trespassers upon the property of the railroad company; but, as to each other, the fact that both were trespassers upon the turn table could not affect their respective rights. It is simply the case of the appellant negligently operating a piece of machinery in such a way as to injure the appellee, which is to be governed by the ordinary rules applicable to such cases. The instruction No. 3 properly presented Jasper Saad's case to the jury, and the court did not err in declining to give the instructions asked by him. The criticism that the petition should have alleged that appellant discovered the peril of the boy in time to have prevented the injury, or could have done so by the exercise of ordinary care, in order for it to have stated a cause of action, is based upon the same erroneous theory that the boy was a trespasser upon appellant's property, and has been answered above.

It is insisted, furthermore, that the court erred in giving instruction No. 6, which authorized separate verdicts against the several defendants. It reads as follows:

"If the jury should find for the plaintiff any sum, they may in their discretion, find for the plaintiff against all the defendants jointly, and in one joint sum, so as not to exceed ten thousand dollars, or they may find for the plaintiff as against each of the defendants separately, and say in their verdict the amount to be paid by each defendant, so that the whole sum so found, if anything, does not exceed ten thousand dollars; or they may find for the plaintiff against one or more of the defendants, so as not to exceed ten thousand dollars, and against plaintiff as to one or more of the defendants, or they may find for all the defendants, in their discretion."

If this instruction was erroneous, it is difficult to see how the appellant could have been prejudiced thereby, since the verdict against him was for $500, while the verdict against the railroad company was for $1,000. The instruction was, however, proper under section 12 of the Kentucky Statutes, which reads as follows:

"In actions of trespass it shall be lawful for the jury to assess several or joint damages against the several

defendants, and when the jury find several damages, the judgment shall be in favor of the plaintiff against each defendant for the several damages, without regard to the amount of damages land in the declaration.''

Alexander v. Humber, 86 Ky., 565; Central Passenger R. R. Co. v. Kuhn, 86 Ky., 578; L. & E. Mail Co. v. Barnes, 117 Ky., 860; and Beavers v. Bowen, 29 Ky. Law Rep., 526, present applications of the rule.

We find no error in the record, and the judgment is affirmed, with damages.