**MARTIN v. LATEX CONST. CO.**
**Civil Action No. 782.**

District Court, W. D. Louisiana, Monroe Division.

July 2, 1943.

to the Estate of one Spencer, on the opposite side of a railroad track from the residence of plaintiff, some 200 yards distant. Plaintiff was a tenant of the Spencer Estate. Defendant's employee, one Cobb or Kolb, was employed as a night watchman, to guard the premises and materials, and as one of his duties, was required to heat tar for painting or covering the pipe. To do this he was furnished with a drum, having a hose attached, on the end of which was a burner. The fuel in the drum was oil or gas under pressure. On or about January 15, 1942, plaintiff's minor son, 13 years of age, "was requested by the said watchman and/or employee" of defendant "to bring him some water, and in compliance with said request, petitioner's aforesaid minor son, carried said watchman * * * water and as he delivered, or a few moments following delivery of said water, said Kolb or Cobb attempted to move or adjust the lighted burner, and the burner on the end of the hose, which was used as a torch, came loose from the end of the hose, and as a consequence and result of coming loose, a stream of fire was blown or spewed up the left pant's leg of petitioner's minor son, who was at the time standing approximately six (6) feet away, burning the flesh," etc.

Plaintiff further alleges, on information and belief, that defendant was using a lot or parcel of ground belonging to the Spencer Estate "without having made any special arrangement for said lot or parcel of ground, and which ground was neither fenced nor enclosed and was located only a short distance from the home of petitioner, as well as other various residents in said vicinity, and was near to the store, station and other buildings and houses, constituting the village or town of Spencer, Louisiana, over and on which petitioner's son, J. W. Martin, had as much right as said Latex Construction Company or its employees."

Rather indefinite allegations of negligence in the use and handling of the torch by Cobb in the course of his employment are made; that the minor son was an invitee; that the premises being used by defendant "were not private and the use of said torch by said" employee "and his operation in heating with said torch as herein alleged in close proximity to the home of petitioner and where petitioner's minor son resided constituted an attractive nuisance for said minor to the knowledge

Lea Thompson and Dhu Thompson, both of Monroe, La., for plaintiff.

Hudson, Potts, Bernstein & Snellings and T. W. Davenport, all of Monroe, La., for defendant.

DAWKINS, District Judge.

Plaintiff's action is for personal injuries alleged to have been suffered by his minor son, resulting from a blow torch in the hands of an employee of the defendant. The facts alleged to fix responsibility on the defendant are in substance as follows:

Defendant was engaged in the construction of a pipe line over property belonging

of said defendant and its agents and employees."

The demand is for medical and doctors' bills, for pain and suffering, and permanent injuries, in the total sum of $26,610.50.

The case was removed here from the state court on the ground of diverse citizenship and defendant has moved to dismiss the complaint on the ground that it fails to disclose a casue of action or to state facts upon which relief can be granted.

■■ Taking up first the claim of "attractive nuisance", the petition describes it as consisting of a lot of iron pipe to be painted with tar or other composition and presumably to be placed in the ground for conveying oil or gas, a drum (presumably of the type usually used for transporting gasoline) to which was attached a hose for the use of gas or oil as fuel fed to a burner on the end. It is not charged that the pipe and burner were left unguarded, so the child might be attracted thereto unnoticed. The allegation that it was in the vicinity of the station (presumably railroad) and near a store and the residences of other persons does not add materially to the question of fact as to whether an "attractive nuisance" was maintained. As stated by the Supreme Court of Louisiana in Peters v. Pearce, 146 La. 902, 84 So. 198, 199, the "object which is dangerous to children must be confined to cases where the dangerous agency is so obviously tempting to children that the owner is guilty of negligence for failing to observe and guard against the temptation and danger." See Tomilson v. Vicksburg, S. & P. R. Co., 143 La. 641, 79 So. 174, 175; McKenna v. City of Shreveport, 16 La.App. 234, 133 So. 524; Peters v. Town of Ruston, La.App., 167 So. 491. There is nothing in the present case, other than legal conclusions, to disclose that the quantity and arrangement of the pipe or its painting was any different to what would be expected in the construction of any ordinary pipe line. The court, I think, may take cognizance of the fact that the place involved was in the gas field near Monroe, La., which has been in operation for more than twenty years. The conclusion is that the allegations of fact are insufficient to show an "attractive nuisance".

■ As to defendant's negligence under the doctrine of respondeat superior, the allegations of the petition as stated are quite indefinite. It is alleged that the child's home is located some 200 yards or 600 feet across the railroad track from a point where the employee of the defendant was at work "at night". This would be approximately a distance of two city blocks. It is simply stated that Kolb (or Cobb) requested the minor to bring him some water, which was done, and while near the torch, in delivering the water, the burner became detached and the child was injured, as above recited. Of course, it was possible for Kolb to have called loud enough to be heard this distance, but we are left in doubt as to this. On the other hand, it may be assumed with equal justification that the child was on or somewhere near the premises when the request was made. In either event however, the request was for the employee's own benefit and convenience, and in no sense contributed to the work or business of the employer in which he was engaged. It is argued that because the employee made the request, the status of the minor when on the premises was that of an invitee. But such a request would not be in the interest of the employer or its business, but as stated, only for the convenience of the employee. No allegation is made of any practice of the employee of having water brought to him in this manner and certainly none that such a course was known to or approved by the employer. Neither is there anything to establish any authority in the employee to engage the services of the minor for this purpose. There was no mutuality of interest as between the child and the defendant in the former's coming upon the premises for the purposes stated. It was simply an accommodation to the employee to save the latter from going for the water himself. Nothing is shown to the effect that the nature of the employee's work was such that he could not leave it, as the basis for justifying the call upon a minor to perform this service. Therefore, as to the defendant, the child was a trespasser and the former owed him no duty except that of not wantonly causing his injury. See Lipscomb v. News Star World Pub. Corp., La.App., 5 So.2d 41; and cases cited therein; also C.J. Vol. 39, p. 1300, verbo Master and Servant, secs. 1499 et seq.

■ The charge as to how the burner came loose is that it was " * * * defective and dangerous to the knowledge of the defendant and its employee"; that it was being "carelessly and negligently handled and

that the burner separated from the end of the hose because of the negligence and carelessness of the defendant."

Even if this language could be said to include facts, as distinguished from legal conclusions, showing negligence, it certainly does not carry any implication of wilfulness or wantonness.

In the reply brief, counsel for plaintiff stresses the allegation that defendant was not occupying the premises under any lease or right as owner, and therefore must, itself, be considered as a trespasser; that since the plaintiff was the tenant of the owner of the lot occupying the property some 200 yards on the other side of the railroad track, his minor son had a better right on the spot, where the accident happened, than the defendant, and even if both were trespassers, as between each other, one was liable to the other for negligence. He cites the cases of Collins v. Hazel Lumber Co., 54 Wash. 524, 103 P. 798, 800, and Saad v. Brown, 144 Ky. 178, 137 S.W. 834, 35 L.R.A.,N.S., 1165. The difference between the first of these cases and the present one is disclosed by the following quotation: "It may be the rule that one may not legally invite a trespasser upon the lands of another, so as to make that other liable for an injury to the trespasser. But that is not this case. Here the appellant obstructed a public highway. Appellant thereupon went upon adjoining land and constructed a way around the obstruction. * * * The way itself was, of course, an implied invitation to use it. The mere fact that the appellant was a trespasser as to the owner of the land, or *that the persons travelling over the way* were trespassers as to the true owner, did not make such persons trespassers as to the appellant. As between appellant and persons lawfully upon the highway, the appellant, under the conditions shown, was as clearly liable to his invitees as though it owned the land."

The conclusion is the opposite to that for which counsel contends. In other words, if the facts of this case showed the plaintiff's son to be an invitee of the defendant, the latter could not escape liability because of its being a trespasser, or without lawful authority to occupy the premises, and it would seem that the reverse of this should be true, that is, in the absence of the relation of invitee, plaintiff is without standing to question the nature of defendant's possession or to contend, for that reason alone, that the latter's position with respect to the minor was changed.

In the second case, Saad v. Brown, a railroad turntable was involved, and it was shown that the railroad company, instead of locking it, had used a heavy drawbolt to hold it in place. Several persons, including children, one of whom, the appellee, was about 12 years of age, who, with the appellant, 21 years of age, went upon the table one Sunday afternoon to use it for a "merry-go-round". Appellant removed the drawbolt and in turning the table, the foot of the appellee was cut and badly injured. Both the railroad company and appellant were made defendants and there was a verdict against the latter for $1,000. On appeal [144 Ky. 178, 137 S.W. 835, 35 L.R. A.,N.S., 1165] it was argued for Saad, the individual, that he could not be liable "unless he did something to bring about appellee's injury after he had discovered appellee's peril." "But" said the court, "clearly that rule is not applicable here, for the reason that the appellee did not occupy the position of a trespasser upon appellant's property. Both were trespassers upon the property of the railroad company; but, as to each other, the fact that both were trespassers upon the turntable *could not affect their respective rights.* It is simply the case of the appellant negligently operating a piece of machinery in such a way as to injure the appellee, which is to be governed by the ordinary rules applicable to such cases." (Italics by the writer of the present opinion.) If this suit was against the operator of the blow torch, there would be some similarity, but regardless of whether defendant owned or leased the land, the pipe and blow torch are alleged to belong to it and can not, under any theory, be said to be a trespasser as to the possession and use of the instrumentalities in the hands of its agent, for the purposes for which they were intended. In the cited case there was no sort of right or authority in Saad to be upon or to use the turntable for any purpose.

The motion should be sustained. Let proper decree be presented.