**C. W. MURPHY, Appellant,**

v.

**TAXICABS OF LOUISVILLE, INC., d/b/a B–Line Cab Company, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Paul L. Humphrey, Louisville, for appellant.

Edwin O. Davis, Edward J. Hogan, John Bennett, Louisville, for appellees.

STEWART, Judge.

This is an appeal from a summary judgment which dismissed the complaint of appellant, C. W. Murphy, against all the appellees, six in number.

The following facts appear in depositions taken in this litigation for discovery purposes: On February 13, 1957, at about 6:00 p. m., appellant was driving south on the Dixie Highway, in Jefferson County, in a line of traffic. He brought his car to a standstill near the intersection of Radcliffe Avenue, and, almost immediately, his car was hit from the rear and then, shortly thereafter, struck from the rear again. Just prior to his stopping, appellant's car was being followed at a distance of 10 to 15 feet by a B-Line Company taxicab owned by Taxicabs of Louisville, Inc., and driven by Ruel E. Devine. When appellant halted his car, Devine attempted to brake his taxicab and, in so doing, collided with appellant's standing automobile in the rear. Peggy Evans, who at the time was operating the car of her sister, Yvonne Evans, was proceeding closely behind the taxicab. She barely managed to stop her car without making contact with the taxicab. She gave no signal of her intention to make this change of movement. John E. Bierema

was traveling 20 feet behind the Evans car at a speed of 20 miles per hour in a car owned by Robert DeJong. He testified that the Evans car stopped so suddenly that he ran into it, forcing it to strike the taxicab and the taxicab to collide with appellant's car.

Appellant suffered an injury to his neck and left shoulder. He testified he felt two impacts which were so close together that he could not tell which one caused his injury. Appellant filed suit on July 3, 1957, against the three car operators and the three car owners, the six appellees herein, claiming his injury was caused by the joint and concurrent negligence of all these persons. He asked for $5,000 compensatory damages for his personal injuries, $650 for medical expenses, and $100 for repairs to his car.

Taxicabs of Louisville, Inc., and Ruel E. Devine, the taxicab operator, filed their answer and a cross-claim against their co-defendants, who, in turn, filed their answers to the complaint. On October 14, 1957, all the defendants, appellees herein, filed a joint motion for summary judgment, which was sustained on December 20, 1957.

■ Appellees asserted in the lower court a somewhat dubious theory as to why appellant should be barred from maintaining this action. We characterize it as "dubious" because it is based upon a presumption that appellant received separate and distinct injuries as a result of the two impacts and that such a circumstance does not create joint liability on the part of appellees, or any of them. It is argued in this connection that appellees did not act in concert and, as appellant was unable to show what particular injury occurred to him from each of the collisions, he should not be permitted to maintain this action against appellees jointly. The trial judge, in a written opinion which accompanies this record, upheld their contention and granted summary judgment.

Appellant not only alleged in his complaint but testified that the accident pro-

duced a single injury to his person, and nowhere in the evidence can we find that his statement in this respect was ever contradicted. It thus appears that the presumption advanced by appellees and adopted by the lower court to the effect that appellant was injured more than once from different causes was rebutted by positive proof. Therefore, once the multiple injury theory gives way to the single injury fact, appellees' contention as to the principles of law applicable to more than one injury from more than one factor is not controlling. The rule governing one, indivisible injury is found in 38 Am.Jur., Negligence, sec. 257, p. 946, and reads thus:

> "According to the great weight of authority, where concurrent or successive negligent acts, or omissions of two or more persons, although acting independently of each other, are, in combination, the direct and proximate cause of a *single injury* to a third person, and it is impossible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, even though his act alone might not have caused the entire injury, or the same damage might have resulted from the act of the other tort-feasor, and the injured person may at his option or election institute suit for the resulting damages against *any one or more of such tort-feasors separately, or against any number or all of them jointly*." (Emphasis added.)

Prosser in his handbook on the Law of Torts (2d ed.) on page 226, states the proposition thus: " * * * Where two or more causes combine to produce such a *single result*, incapable of any logical division, each may be a substantial factor in bringing about a loss, and if so, each may be charged with all of it. Here again the typical case is that of two vehicles which collide and injure a third person. The duties which are owed to the plaintiff by the defendants are separate, and may not be identical in character or scope, but entire

liability rests upon the obvious fact that each has contributed to the single result, and that no rational division can be made."

The law of Kentucky is in accord with the foregoing statement of law. In McCulloch's Adm'r v. Abell's Adm'r, 272 Ky. 756, 115 S.W.2d 386, 389, a car struck a wagon from the rear as they were both traveling down a highway. The car came to rest in a position crosswise of the highway. As soon as the car stopped, it and the wagon were struck by an automobile approaching from the opposite direction. One of the wagon's occupants was killed and all the others were injured. It was there contended the driver of the second car was entitled to a directed verdict against two of the wagon passengers on the ground that there was no evidence that their injuries resulted from the second car's striking the first car, and that the jury should not be permitted to speculate as to who was responsible for their injuries. This Court held: "Where, as here, there was really but a single accident resulting from the concurring negligence of two parties, it would hardly comport with fairness and justice to deny a recovery on the ground that the injured person could not tell exactly how much he was injured by each. In such a situation all that can be reasonably done is to let the jury consider all the circumstances and apportion the damages according to the amount of negligence attributable to each of the offending parties."

The case at bar is strikingly similar to the McCulloch case. In both occurrences there were two separate and distinct impacts, the second immediately following the first. In the McCulloch case the extent of liability for the injuries of the two persons involved in the appeal could not be separated as to the two wrongdoers. In the case at bar Murphy sustained a single, indivisible injury which could not be specifically charged to any particular appellee. Thus it appears that the McCulloch case would control the disposition of a factual situation where the independent wrongful acts of two or more persons concur in contributing to and producing a single injury.

The general rule seems to be that, where there is no modifying statute, an assessment of damages in an action against joint tort-feasors must be for a lump sum against those found guilty and cannot be severally apportioned among them. See 25 C.J.S. Damages § 189, p. 906. However, in Kentucky we have a statute which allows the jury, in such a case, to sever the damages. This provision of law is KRS 454.-040 (formerly Kentucky Statutes, section 12; Russell's Statutes, section 16) which reads:

"In actions of trespass the jury may assess joint or several damages against the defendants. When the jury finds several damages, the judgment shall be in favor of the plaintiff against each defendant for the several damages, without regard to the amount of damages claimed in the petition, and shall include a joint judgment for the costs."

In Central Passenger Ry. Co. v. Kuhn, 86 Ky. 578, 6 S.W. 441, 447, 9 Ky.Law Rep. 725, Kuhn sued Central Passenger Ry. Co. and L. & N. R. Co., claiming that he was injured while a passenger on the train of Central by being thrown from a car when it collided with a train of L. & N., and that the collision was allegedly caused by the joint negligence of the employees of each defendant. The jury gave Kuhn a verdict of $5,000 and made a finding requiring Central to pay $3,000 thereof and L. & N. $2,000. The court said, referring to the statute previously quoted: "This statute affords a remedy against all joint trespassers, with the right on the part of the jury to punish the wrong-doer to the extent of his participation in the wrongful act, and, if one is the more guilty than the other, to punish him the more severely."

It will be noted above that in the McCulloch case the jury was permitted to "consider all the circumstances and apportion the damages according to the amount of

negligence attributable to each of the offending parties." In these cases the same rule was applied: Louisville & I. Ry. Co. v. Frazee, 179 Ky. 488, 200 S.W. 948; City of Covington v. Westbay, 156 Ky. 839, 162 S.W. 91; Saad v. Brown, 144 Ky. 178, 137 S.W. 834, 35 L.R.A.,N.S., 1165; and Alexander v. Humber, 86 Ky. 565, 6 S.W. 453, 9 Ky.Law Rep. 734.

■ The ruling of the trial judge in granting summary judgment for appellees, it will be recalled, was bottomed upon the view that appellant received two injuries from two impacts, and that he failed to sustain the burden of establishing what injury resulted from each of the two collisions. Such a holding, it has been pointed out, was not warranted by the evidence. In a case such as this, the burden of proof is on a plaintiff to establish by sufficient evidence the material facts which constitute his alleged cause of action. Specifically it is incumbent on him to prove that the defendants by concerted action were guilty of the wrongful act or acts charged, and that such act or acts were the proximate cause of the injury received or the damage sustained by him. The law imposes on each of the several tort-feasors the burden of proving his own innocence or his own limited liability, as the case may be. See 86 C.J.S. Torts § 57(a), p. 981.

■ A summary judgment should be granted only when the court is fully satisfied there is an absence of a genuine and material issue of fact. When a hearing is had on a motion for a summary judgment all doubt must be resolved in favor of the party opposing the motion. Furthermore, even though the trial court should believe the party resisting the motion may not succeed at a trial, yet a summary judgment should not be given if there is any material issue of fact. See Puckett v. Elsner, Ky., 303 S.W.2d 250, and the cases cited therein.

For the reasons indicated hereinbefore the lower court improperly granted summary judgment. The case should have been tried in accordance with the principles of law set forth above. It is being remanded that such may be done.

Wherefore, the judgment is reversed and remanded for further proceedings consistent with this opinion.