**Robert S. MILLER, Ancillary Administrator of the Estate of Janice Marie Hoag, Plaintiff,**

v.

**HAMMARY FURNITURE COMPANY, Edward M. Chapman, Elmer Brownly Burnett, Jr. and Charolette Burnett, Defendants.**

No. 1824.

United States District Court
E. D. Kentucky,
Lexington Division.

April 16, 1969.

Miller, Griffin & Marks, by Robin Griffin, Lexington, Ky., for plaintiff.

Allen, Duncan & Arnold, by Joseph L. Arnold and John W. Morgan, Lexington, Ky., for Hammary Furniture Co. and Edward M. Chapman.

Stoll, Keenon & Park, by C. W. Swinford, Lexington, Ky., for Elmer Brownly Burnett, Jr. and Charlette Burnett.

### MEMORANDUM

SWINFORD, Chief Judge.

This is an action for wrongful death arising out of a collision between an automobile driven by the defendant, Elmer Brownly Burnett, Jr., and a truck driven by the defendant, Edward M. Chapman. The other defendants are alleged to be derivatively liable. The action was tried to a jury which returned the following verdict:

"We, the jury, do agree and find for Plaintiff.
Negligence equal.

| | |
|---|---:|
| Judgment | $36,000.00 |
| Funeral Expenses | 1,510.17 |
| Total | $37,510.17 |

/s/ Frank E. Wiley

Foreman

January 16th, 1969"

Judgment was entered on this verdict that the plaintiff recover of the four defendants the sum of $37,510.17. In other words, the defendants were adjudged to be jointly liable.

The defendants, Edward M. Chapman and Hammary Furniture Company, have moved to amend the Judgment to conform with the Verdict, contending that each of the two sets of defendants should be liable for one-half the damages. All defendants have moved for a new trial.

The general rule is that joint tortfeasors are jointly and severally liable for all the damages assessed against them, so the injured plaintiff may seek satisfaction as he chooses from any one or more of the tortfeasors even though one was more negligent than the other. At common law the jury cannot apportion damages among joint tortfeasors but must assess full damages, for which each is liable until the judgment is satisfied. 52 Am.Jur., Torts, section 123; Murphy v. Taxicabs of Louisville, Inc., Ky., 330 S.W.2d 395.

The defendants, Chapman and Hammary Furniture Co., point out that in Kentucky we have a statute, KRS 454.-040, which permits the jury to assess either joint damages or several damages against each defendant. They contend that by inserting the words "Negligence equal" in the verdict the jury intended to assess half of the total damages against each pair of defendants.

I cannot agree with this contention but am of the opinion that the jury returned a joint verdict when they said "We, the jury, do agree and find for Plaintiff" and specified a single total amount of damages. The words "Negligence equal" are merely surplusage, which add nothing to the verdict except to emphasize that neither defendant was more guilty than the other. The statute states that "the jury may assess joint or several damages against the defendants." Construing this statute, the Kentucky Court of Appeals has said that "the proper instruction should authorize recovery against the defendants either

**240**

jointly in a single sum or separately in sums of different amounts. (Citing cases.)" Daniel v. Patrick, Ky., 333 S. W.2d 504, 507. In the instant case, the jury was so instructed, and they assessed damages in only a single sum.

 Moreover, as Daniel v. Patrick, supra, indicates, the purpose of the statute is to permit the jury to assess *different* amounts against each defendant. In Murphy v. Taxicabs of Louisville, supra, the court emphasized the purpose to permit the jury to assess heavier damages against the more guilty of two joint tortfeasors by quoting the following from Central Passenger Ry. Co. v. Kuhn, 86 Ky. 578, 6 S.W. 441:

> "This statute affords a remedy against all joint trespassers, with the right on the part of the jury to punish the wrong-doer to the extent of his participation in the wrongful act, and, if one is the more guilty than the other, to punish him the more severely." 330 S.W.2d at 398.

If two joint tortfeasors are equally guilty, or in pari delicto, then each is fully responsible to the injured person. Between themselves, each is responsible for only half, by virtue of KRS 412.030. The jury's finding that the negligence was equal in this case brings KRS 412.030 into effect so that, if one defendant pays plaintiff more than half the assessed damages, he may seek contribution from the other tortfeasor, but the plaintiff is not denied his right to seek satisfaction of the entire judgment from any defendant.

Therefore, the motion to amend the Judgment to conform with the Verdict should be overruled.

The evidence in this case was sufficient to support the Verdict of the jury with regard to liability. The damages found by the jury were not obviously the result of a compromise and were not excessive but were supported by evidence of probative value. The instructions given by the court were not contrary to the law but were free of any error which would warrant a new trial. There were no errors in the admission or exclusion of evidence which would warrant a new trial. Therefore, the motions for a new trial should be overruled.

The defendants are not entitled to a judgment notwithstanding the verdict.

An order in conformity with this memorandum is this day entered.