**Harold A. DENNEY, Executor of the Estate of Daniel Lee Denney, Deceased, Appellant,**

v.

**BUCKEYE GAS PRODUCTS, INC. and Walter O. Bishop, Appellees.**

Court of Appeals of Kentucky.

May 31, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court Sept. 18, 1985.

Timothy N. Philpot, Anggelis & Philpot, Lexington, for appellant.

Nolan Carter, Jr., Ronald L. Green, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellees.

Before HAYES, C.J., and GUDGEL and HOWERTON, JJ.

HAYES, Chief Judge:

The sole question to be resolved in this appeal is whether the trial court correctly held the failure to introduce medical testimony as to cause of death is fatal to appellant's cause of action against appellees. We cannot say that under the facts of this case medical testimony would have provided anything more than speculation as to whether Daniel Denney was alive when he was struck by the truck driven by appellee Bishop.

Denney was a passenger in an automobile which left a rural Fayette County road, struck a mailbox and a tree, finally coming to rest across the road. Denney was thrown from the vehicle, landing in the roadway. Shortly thereafter, as he lay motionless on the pavement, he was struck by the Bishop truck. Denney did not survive.

Denney's estate brought suit against Bishop and his employer, the owner of the truck. The trial court granted the defendants/appellees' motion for summary judgment on the basis that appellant failed to show appellees' negligence caused the death of the decedent. Essential to appellant's case was proof supporting his theory that Denney was alive when he was struck by the truck. Appellant offered the testimony of an accident reconstruction expert who stated his opinion that Denney could have survived the first impact and ejection from the vehicle.

Relying upon a Pennsylvania case, *Lehman v. McCleary*, 229 Pa.Super. 508, 329 A.2d 862 (1975), the trial court held that medical testimony was necessary in order to determine the cause of death. We have carefully examined that case, which appears to be factually similar to the instant case, and are forced to conclude the medical evidence found sufficient to create a jury issue was of no more probative value to the trier of fact than the evidence supplied by appellant's expert in the instant case. The gravity of the decedent's injuries after the truck passed over his body in our view precludes anything more than speculation, even by medical experts, as to whether Denney survived the initial collision. We find *Lehman* to be supportive of appellant's position rather than the contrary.

 In our opinion, the facts of this case fall within the single indivisible injury rule set out in *Murphy v. Taxicabs of Louisville, Inc.*, Ky., 330 S.W.2d 395 (1959). The rule simply provides that where (as in the case at bar) two separate acts of negligence have combined to produce a single injury, and it is impossible to determine in what proportion each has contributed to the injury, recovery may not be denied the injured party on the basis he could not definitely state how much he was injured by each tortfeasor. The burden of proof in these cases shifts to the defendants to establish causation. Professor Prosser in his treatise on the law of torts states his approval of the rules' application as follows:

> It seems a very desirable solution where negligence on the part of both defendants is clear, and it is only the issue of causation which is in doubt, so that the choice must be made between letting the loss due to failure of proof fall upon the innocent plaintiff or the culpable defendants. (Prosser, *Law of Torts*, 4th ed. (1971) § 41, p. 243).

 We are convinced that the facts of this case fit squarely with those addressed in *McCulloch's Adm'r v. Abell's Adm'r*, 272 Ky. 756, 115 S.W.2d 386 (1938). In that case, a car struck a wagon from the rear as they were travelling down a highway. As soon as the car came to rest, both the car and wagon were struck by a second car killing one occupant of the wagon and injuring all the others. In answer to the contention that the driver of the second car was entitled to a directed verdict on the basis that the jury should not be permitted to speculate as to which driver was responsible for their injuries, the court held:

> Where, as here, there was really but a single accident resulting from the concurring negligence of two parties, it would hardly comport with fairness and justice to deny a recovery on the ground that the person injured could not tell exactly how much he was injured by each. In such a situation all that can be reasonably done is to let the jury consider all the circumstances and apportion the damages according to the amount of negligence attributable to each of the offending parties. At 389.

We are thus persuaded that summary judgment was improvidently granted and we therefore reverse the judgment and remand the case for further proceedings consistent with this opinion.

All concur.