**Officer Michael JONES, Appellant,**

v.

**HILLVIEW CIVIL SERVICE COMMISSION and Randall Hay, Appellees.**

**No. 87–CA–1298–MR.**

Court of Appeals of Kentucky.

July 1, 1988.

Rehearing Denied Aug. 26, 1988.

Discretionary Review Denied by Supreme Court Dec. 7, 1988.

---

Katie Marie Brophy, Louisville, for appellant.

Mark E. Edison, Shepherdsville, for appellees.

Before COMBS, McDONALD and WEST, JJ.

COMBS, Judge.

This appeal is from the Bullitt Circuit Court which upheld the discharge of a police officer for allegedly participating in partisan political campaigning and unsatisfactory job performance. The appellant, Officer Michael Jones, seeks reinstatement to his employment with the Hillview Police Department, with full back pay, fringe benefits and seniority. The appellees, City of Hillview Civil Service Commission [Commission] and Chief of Police Randall Hay, of course, seek affirmation of the trial court's judgment.

Hillview is a fourth-class city within Bullitt County. The people of Hillview elected a new Mayor in 1985. Mr. Leeman Powell was the nominee of the Democratic Party in that year's May primary. He announced that if he were elected in November's general election he would appoint Jones as Hillview's Chief of Police. Jones at that time was an officer with the police department.

The Hillview City Council [Council] told Powell that they disapproved of Jones and the proposal to make him Chief. Powell was warned by the Council that if he became Mayor and appointed Jones, the Council would tie his hands with the civil service laws. When Powell did not abjure his intentions for Jones, a council member by the name of Richard Terry embarked upon a write-in campaign for the office of Mayor.

The interim between the primary and general election saw the council adopt an ordinance establishing the Commission. The ordinance became effective on October 16, 1985.

Terry won the election by five votes. Two days after the election, November 7, 1985, a special meeting of the Council was called. A first reading of a proposed ordinance to classify city police officers as civil service employes was given. The Council then also appointed three Commission

members, including Mayor Terry's campaign manager and another of Terry's campaign workers. That same day the Council suspended Jones from his position with the police department.

The ordinance bringing police officers into the class of civil service employes became effective December 1, 1985. Formal charges against Jones were brought before the Commission on December 11, 1985. The most recent date of an act by Jones that was alleged as a violation was during the May, 1985 primary election. It was raised because Jones had put a Powell campaign poster in his front yard, and because he allegedly was actively soliciting votes for Powell. A hearing before the Commission was held December 18 and 30, 1985. Jones was found guilty and dismissed. The trial court upheld the Commission's action.

Jones argues before this Court that the Commission lacked any authority to discipline him because he was never classified as a civil service employe. He also argues that he was denied both procedural and substantive due process of law. Finally, Jones says that even if none of the above were true, the clear weight of the evidence exonerates him.

The appellees' response is that Jones's first argument was not preserved for appellate review. Appellees also defend the trial court's standard of review, and say that the appeal, as to Chief of Police Hay, was untimely filed.

Appellees' argument that the appeal was untimely filed as against Hay is without merit. The trial court entered an order during trial dismissing Hay as a defendant. Appellees claim that Jones had thirty days from the entry of the order to file an appeal against Hay. That is not so. The order dismissing Hay was interlocutory.

■ We next briefly dispose of the question as to whether Jones properly preserved the issue of the Commission's authority to discipline him. It is his contention that the Commission lacked authority under the City Civil Service Act, codified at KRS Chapter 90, and that the proper forum for any disciplinary action against him was the Council, under KRS Chapter 95, which contains the law for disciplining police officers.

We believe that the question was preserved for appellate review. Jones, through counsel and pursuant to court order, filed a memorandum of law arguing that the Commission lacked the statutory authority to discipline him. The argument was framed identically to Jones's argument now before us. Thus, the issue was properly preserved, and we continue to consider the argument on the merits.

■ It is probably banal to even remark that the Commission has authority to discipline only those employes who are classified as civil service employes, but if so, the banality is important in this case.

The most recent date Jones was accused of participating in partisan political campaigning was during the May 1985 primary. The most recent date he was accused of unsatisfactory job performance was October 16, 1984. The Commission did not exist until October 16, 1985. The Council, not the Commission, suspended Jones on November 7, 1985, and it was not until December 1, 1985, that Jones and all other police officers became classified as civil service employees. Charges against Jones were not brought before the Commission until December 11, 1985. All of those charges predated not only Jones's classification as a civil service employe, but the very existence of the Commission itself. We therefore conclude that the Commission's dismissal of Jones was illegitimate, and the proper forum for any such action was the Council under KRS Chapter 95.

Jones's argument that he was denied procedural due process is next to be considered. KRS 95.765, which we have already decided should have controlled the proceedings against him, has its own procedural rules to be followed by the Council. However, it would be inaccurate to say that Jones was denied procedural due process because the Commission did not follow statutory guidelines that were supposed to have been followed by the Council. We have already said more than that. We do not perceive the nature of the error as a proper tribunal proceeding improperly, but as an improper tribunal proceeding at all.

Much the same can be said of Jones's argument that he was denied substantive due process. Jones contends that his right to substantive due process was abrogated because the Commission membership was dominated by previous supporters of Mayor Terry who Jones had opposed. The creation, political membership and swift action of the Commission in dismissing Jones does indeed provide a convincing argument that Jones was forced to defend himself before a much less than impartial tribunal.

Jones also points out that despite his timely request to Council member, and Mayor-elect Terry to inspect his own personnel file before the Commission hearing, he was told that no such file existed. However, during the Commission hearing Jones's personnel file was produced and its contents were used as evidence against him. All of this led Jones to believe that he was the victim of a political conspiracy to have him dismissed from the police department.

We think it is readily apparent from the record that the dismissal of Jones was politically motivated from the start. However, we must here repeat what we said about Jones's argument that the Commission violated his right to procedural due process. If we were to say that the Commission acted in a way that violated Jones's substantive due process right, we would be acknowledging that the Commission was a proper forum that only acted improperly.

The illegitimacy of the Commission's dismissal of Jones would not have been cured even had it observed the procedural and substantive measures urged by Jones. The Commission's dismissal of Jones is tainted because it was the Commission that dismissed Jones. That itself was the injustice, and there is no correct way to work an injustice.

Finally, Jones argues that the clear weight of the evidence produced at the hearing does not support the charge against him. We agree. The only evidence that Jones participated in a partisan political campaign was that he accompanied another man to a voter's residence, and his companion, not Jones, tried to influence her vote. Also, Jones had placed a Powell campaign poster in his own yard. This is not proscribed activity by any standard, and we shudder to think of the chilling effect it would have upon the democratic processes in a free society if it were.

All of the charges of misconduct levelled against Jones were at least a year old. Many of them were merely departmental directives aimed at all officers. Jones did not even know about some of them. He had already been disciplined for others. His record for a year prior to the hearing was clean. The charges brought against Jones, although brought before an improper forum, were totally unsupported by the evidence.

Jones was fired, purely and simply, as a result of political factionalism. We are appalled that a Civil Service Commission, whose purpose is to assure the fairness and integrity of a city's personnel decisions, would be put to such procrustean usage by the preponderant powers.

The judgment of the Bullitt Circuit Court is hereby reversed and this cause remanded with directions to enter an order reinstating Jones to his former employment with the department with full back pay and fringe benefits, and without loss of seniority.

All concur.