Michael JONES, Appellant,

v.

HILLVIEW CIVIL SERVICE COMMISSION, and Randall Hay, Appellees.

No. 90–CA–000631–MR.

Court of Appeals of Kentucky.

June 21, 1991.

Rehearing Denied Aug. 30, 1991.

Katie Marie Brophy, Louisville, for appellant.

Mark E. Edison, Shepherdsville, for appellees.

Before LESTER, C.J., and HOWERTON and STUMBO, JJ.

STUMBO, Judge.

This case was previously heard by this Court in *Jones v. Hillview Civil Service Commission*, Ky.App., 760 S.W.2d 91 (1988). Michael Jones, the appellant once again, complains that the circuit court failed to follow directions given in *Jones* on remand. Prior to deciding this issue, a review of the facts in this case is necessary.

The appellant was a part-time police officer for the city of Hillview. The Hillview Civil Service Commission, one of the appellees, was established in October 1985. The appellant was fired by the Commission in December 1985 for his involvement in the city's mayoral race in May 1985. The appellant challenged the Commission's authority at the circuit court level and subsequently at this level in *Jones, supra*. This Court reversed and found that:

> Jones was fired, purely and simply, as a result of political factionalism. We are appalled that a Civil Service Commission, whose purpose is to assure the fairness and integrity of a city's personnel decisions, would be put to such procrustean usage by the preponderant powers.
>
> The judgment of the Bullitt Circuit Court is hereby reversed and this cause remanded with directions to enter an order reinstating Jones to his former employment with the department with full back pay and fringe benefits, and without loss of seniority.

*Jones*, at 94.

On remand, the circuit court conducted a hearing to determine the amount of back pay due the appellant. During discovery the appellant requested and received the city's personnel and payroll records for 1985–1989. The appellant testified to the average number of hours he worked per week prior to his dismissal, but presented no other evidence on this issue. The appellee's cross-examination demonstrated the appellant's inability to state precisely when he worked those hours. The appellant testified to the amount of pay he should receive per hour and supported this testimony with documentation. The appellee presented no rebuttal on this issue.

The circuit court found that the appellant had not met his burden of proof as evidenced by the following language:

8. The Plaintiff's computation of the amount of back pay due him was one of pure speculation. He had no records and he did not attempt to show the number of hours he had worked for the city in any years prior to his termination. He also failed to show the number of hours paid to other members of the police force after his termination.

9. Utilizing the discovery procedure available to him, he could have shown his actual hours worked in 1981, 1982, 1983, 1984 and 1985. Utilizing the same procedure, he could have shown the number of hours worked by others as part time employees after Plaintiff's termination.

10. The Plaintiff likewise failed to introduce any evidence of his employment and wages earned during the period for which he is not claiming back pay.

11. The record before the Court is insufficient to support any award for back pay. The Court is unable to determine with any degree of certainty, the hours lost by Plaintiff.

Findings of Fact, February 27, 1990. It is from these findings that the appellant brings this appeal.

■ The major question presented to this Court is whether the appellant sufficiently proved the amount of back pay to which he was entitled. "[T]he burden of proof is on a plaintiff to establish by sufficient evidence the material facts which constitute his alleged cause of action." *Murphy v. Taxicabs of Louisville, Inc.,* Ky., 330 S.W.2d 395 (1959). To do this, the appellant had to prove with reasonable certainty the number of hours and the monetary amount he should have received per hour. The appellant testified to his beginning hourly salary and projected raises. He substantiated the raises with documentation showing raises received by officers with similar time served and experience. We believe the appellant adequately proved the amount he should have received per hour.

■ We are also convinced that the appellant adequately proved the number of hours he would have worked. It is understood that the appellant was a part-time employee, and he had no set number of hours to be worked on a weekly basis. The appellant testified that he averaged 24 to 32 hours per week prior to the May 1985 election, and 16 to 24 hours per week thereafter until his dismissal in December 1985. He produced no documentation or other supportive evidence to substantiate the number of hours worked or which would have been worked.

The appellant contends that his testimony is enough to sustain his burden of proof, particularly since the appellee produced no rebuttal evidence. The appellant was quite certain of the minimum number of hours he averaged prior to the May election and up until his dismissal in December. The only uncertainty surrounding this testimony was the appellant's inability to state the exact days he worked the given hours. However, the appellant was able to limit the hours to those worked prior to and after the May election.

We believe the appellant's testimony states with reasonable certainty the minimum number of hours for which he should be compensated. Because we also believe the appellant's reduction of hours worked after the May election was caused by the city's "political factionalism," the appellant is entitled to back pay at the minimum rate of 24 hours per week. The appellant is entitled to this back pay up to the point where he refused to retake his oath of office.

■ The other issues raised by the appellee are without merit and can be disposed of quickly. Although the city was not a party to this action, such a question should have been considered on the prior appeal in *Jones, supra.* Counsel for the appellee, during oral arguments before this Court, argued that this issue had been raised continuously at the circuit court level. He particularly stated that the issue was brought to the court's attention through the testimony presented and a motion for reconsideration. Having *carefully* reviewed the entire record from the time of the filing of the complaint, we can find no evidence that this issue was ever raised. In fact, certain motions filed by the appellee refer to the City of Hillview as a party to the action. It is apparent that counsel for the appellee was not completely forthcoming with this Court during oral arguments. Such misrepresentations by a member of the bar are reprehensible and will not be tolerated. Since this issue was never raised, the question was not preserved on appeal and the parties are bound by the *Jones* decision.

The appellant's suspension by the mayor dissolved by operation of law when the city failed to conduct a proper hearing within three days after the charges were filed. The appellant proved he mitigated the damages when he testified that he held another

job both during and after his employment with the City of Hillview. The appellee had a duty to question further if they wished to determine the extent of the mitigation.

In accordance with the reasons heretofore set out, we again reverse the circuit court with directions to reinstate the appellant to his former employment with back pay at a minimum of 24 hours per week and without loss of seniority.

All concur.